OHIO FARMERS INS. CO., APPELLEE, *v.* WRIGHT, APPELLANT, ET AL.

[Cite as Ohio Farmers Ins. Co. v. Wright, 17 Ohio St. 2d 73.]

(No. 68-354—Decided March 26, 1969.)

*Mr. Edward J. Utz* and *Mr. William B. Singer*, for appellee.

*Mr. Orville Roeller, Mr. Peter J. Panos* and *Mr. Robert K. Roeller*, for appellant.

LEACH, J.   Coverage designed to protect an insured who is injured through the fault of a motorist who is not himself insured has become a fairly common feature in standard automobile insurance policies in recent years. In some states, it is compulsory as to all automobile policies issued.   7 American Jurisprudence 2d 460, Section 135. Since January 1, 1966, the offering of such protection

against injury caused by an uninsured motorist is made mandatory in Ohio by Section 3937.18, Revised Code. No interpretation of that statute is involved herein, since the accident under consideration took place in 1964.

Since a contract of insurance is involved here, the basic rules of interpretation, applicable to all contracts of insurance, control. It is one of the best-known principals of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. 30 Ohio Jurisprudence 2d 225, Section 215.

By the terms of the endorsement herein, the insurer obligated itself to pay for bodily injury sustained "by the insured" in an accident caused by an uninsured motorist. The endorsement contains no language purporting to limit the coverage to cases where the "named insured" is using or occupying an "insured automobile" at the time of his injury. Nor does the basic policy itself contain language, potentially referable to the endorsement, so limiting the coverage provided by the endorsement.

Although the trial court held, in its declaratory judgment, that by the terms of the endorsement Wright was "protected only against injuries which are the result of the use, at the time, of a specific automobile covered by the policy," it now seems to be conceded by counsel for appellee that coverage under the endorsement as to the named insured, his spouse and relatives of either living in his household is extended "whether they are occupying or using the insured car or not at the time of injury." While "any other person" can only meet the qualifications of an "insured" under the endorsement "while occupying an insured automobile," this clearly was not true as to Wright, the "named insured."

As to the "named insured," it now appears to be the position of the appellee, as well as of the Court of Appeals, that Wright would be covered "while using the insured automobile and while in any other place, but not while using an automobile owned by him but not covered by

the uninsured motorist premium on his policy." It is asserted that such conclusion is compelled by the language on the first page of the policy that "the insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges."

We do not agree that this language compels any such conclusion. Concededly, the contractual rights and duties of the insurer and the insured are only such as are included within the coverage of the "Family Protection Coverage Endorsement" actually issued. However, the mere fact that it includes only the Oldsmobile, "Car 2," as an "insured automobile," since a premium was paid only with respect to such car, does not mean that the relatively unlimited words of coverage contained therein with reference to the "named insured" may be restricted by implication based upon some presumed intent of the parties which is not in accord with the actual language employed. To so construe the contract would be to do violence to the rule of construction as to insurance contracts previously referred to. Thus, the argument of counsel for appellee that "there is a greater probability that the insured will be injured in a vehicle owned by him than in a vehicle owned by someone else in which he might occasionally ride," and that "it is logical that the insurer should require a premium charge for uninsured motorist coverage for each vehicle owned by the insured and that uninsured motorist coverage should not be extended to the insured while he is using a vehicle with respect to which he has paid no premium for uninsured motorist coverage" must be rejected. We here consider not what *should have* been excluded from coverage, but only what actually was excluded.

In *United States Fidelity & Guaranty Co.* v. *Webb* (Fla. App. 1966), 191 So. 2d 869, cited by appellee, the uninsured motorist endorsement specifically provided that it did not apply "to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by a named insured or any relative resident in

the same household * * *." Contrast this language with the language of the endorsement in question here, which contains no such exclusion. Here, with reference to the occupancy by the named insured of any automobile, the endorsement provides an exclusion only as "to bodily injury to an insured while occupying an automobile owned by the named insured and principally garaged in a state which has not authorized the issuance of this insurance."

Looking beyond the endorsement itself, we find no language in the policy with reference to occupation or use of an automobile by the named insured which could be construed as limiting the scope of the coverage provided by the endorsement. In any event, any such possible inference is negated by the express language of the endorsement that "none of the insuring agreements, exclusions or conditions of the policy shall apply to the insurance afforded by this endorsement except" certain specified conditions, none of which have any possible application to the issues here presented.

In *Gulf American Fire & Casualty Co.* v. *McNeal* (1967), 115 Ga. App. 286, 154 S. E. 2d 411, the named insured owned three automobiles, but the uninsured motorist endorsement provided coverage with respect to "Car No. 3 only." The wife and son of the named insured were injured while riding in the car designated as "Car No. 2" in the general policy of insurance. The court held that "the effect of the restriction contained in the endorsement limiting the uninsured motorist coverage to 'Car No. 3 only' was merely to exclude Car No. 1 and Car No. 2 from the policy definition of 'insured automobile' under the uninsured motorists coverage, so that this coverage would be afforded to *other persons* only while occupying Car No. 3."

As here, the language of the endorsement in the Georgia case did not contain any specific language of limitation such as that contained in the *Webb* case. *Cf. Motorists Mutl. Ins. Co.* v. *Bittler* (Com. Pleas, Cuyahoga County, 1968), 14 Ohio Misc. 23.

We conclude that the endorsement here in question

extends uninsured motorist coverage to the named insured as to his accident in 1964, and, therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and DUNCAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for HERBERT, J.