170

ABRAHAM *v.* GREAT AMERICAN INSURANCE COMPANY.

[Cite as Abraham v. Great American Ins. Co., 21 Ohio Misc. 170.]

(No. 825453—Decided November 21, 1969.)

Common Pleas Court of Cuyahoga County.

*Mr. Nelson G. Karl,* for plaintiff.
*Messrs. Merkel, Campbell, Dill & Zetzer* and *Mr. Henry J. Zetzer,* for defendant.

GRIFFITH, J. (Sitting by assignment.) This case is before the court for the purpose of determining whether

the defendant is liable to the plaintiff under an uninsured motorist provision in its Insurance Policy No. V59333533. The clause particularly sought to be interpreted is found in Part IV, Coverage J, entitled "Family Protection," and reads as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death, resulting therefrom, hereinafter called bodily injury, sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration."

Under the evidence submitted, this policy was in effect at the time of an accident which occurred on July 23, 1962, wherein the plaintiff was struck from behind by an automobile driven by one Joe Russo, which auto was rented from the Hertz Corporation.

On February 28, 1963, a lawsuit was instituted against the Hertz Corporation and Joe Russo, being case No. 778637. That action, as to the Hertz Corporation, was disposed of by granting a summary judgment in favor of the Hertz Corporation. Judgment was taken against Joe Russo in this case on February 4, 1965, by default.

Plaintiff has been unable to locate Russo in spite of certified letters sent to him, contact with Russo's landlord, and submitted interrogatories, all of which were ignored. However, no attempt was made to ascertain if Joe Russo owned another automobile. These facts bring us to the first question presented for the court's determination, namely: What proof is required of a policyholder of lack of insurance by a tortfeasor to come within the coverage of the uninsured motorist clause of this policy?

The policy defines the term, "Uninsured Automobile," as follows, in Part IV, Coverage J:

"Uninsured automobile includes an automobile with respect to the ownership, maintenance or use of which there is no bodily injury, liability, bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile."

It is well established that the burden is upon the plaintiff to prove a loss within the terms of the policy. However, the difficulty of proving a negative is obvious. In applying this rule, are courts to require the plaintiff to submit evidence from the known or registered insurers that they did not provide coverage? The extent of the required proof was considered and set out in the case of *Merchants Mutual Ins. Co.* v. *Schmid,* 238 N. Y. Supp. 2d 822, as follows:

"The quantum of proof must merely be such as will convince the trier of facts that all reasonable efforts had been made to ascertain the existence of an applicable policy, and that such efforts have proven fruitless. In such event, and absent any affirmative proof by the insurance company, the inference may be drawn that there is in fact no insurance policy in force which is applicable."

This rule is adopted by this court. The question before this court is: Was reasonable diligence exercised by the plaintiff in this particular case to ascertain lack of insurance?

Inasmuch as Joe Russo was driving a rented automobile, the court does not accept defendant's suggestion that plaintiff did not exercise due diligence by failing to ascertain if he had any other registered motor vehicles in Cuyahoga County and, if so, with which company they were insured.

Plaintiff in this lawsuit recovered judgment against Joe Russo but did not litigate the question of liability of the insurance carrier of the Hertz Company, the owner of the car. Plaintiff received a denial by the insurance carrier of Hertz Rental Company, which is set out as exhibit A in this case.

Plaintiff further knew, or had good reason to believe, that Russo had not cooperated, as required by Article 7 of

the Hertz Rental Agreement, pertaining to insurance. From all the facts testified to in court, the plaintiff herein could reasonably accept this statement by counsel for Globe Insurance Company, the insurance carrier of the Hertz Company.

Considering further the fact that defendant had been advised of the pending trial and the status of the case and made no request for any proceedings for a supplemental petition under Section 3929.06, Revised Code, but instead elected to deny liability on the grounds that plaintiff had failed to notify defendant of bringing action against Russo, this court concludes that the plaintiff did make reasonable efforts to ascertain lack of insurance by the tortfeasor, Joe Russo.

Turning next to the question: Did the plaintiff forfeit his right to recover under the uninsured motorist clause by reason of bringing action without consent of defendant company? The clause in the insurance policy, which is under consideration is as follows and found in Part IV, which contains the uninsured motorist provisions:

"This policy does not apply under Part IV to bodily injury to an insured, or care or loss of services recoverable by an insured, with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor."

This accident occurred on July 23, 1962. Suit was filed February 13, 1963. At that time, it did not appear to be a case for application for the uninsured motorist provision. It was not until December 1, 1964, that Hertz prevailed under the summary judgment proceeding. By this time the action had been filed and the technical requirements of the policy had been unintentionally violated.

On December 18, 1963, the plaintiff herein advised the defendant of the possible application of the uninsured motorist clause. On January 10, 1964, the plaintiff's attorney, in conference with Lou Gregg, the claim representative of the defendant, was informed that the defendant be-

174

lieved the uninsured motorist provision did not apply because of lack of consent. However, he indicated he would study it further. On January 14, 1965, the plaintiff advised the defendant of the pending trial in this matter, and on February 4, 1965, judgment was taken against Joe Russo. On May 19, 1965, the defendant, through the medium of the letter, set out as exhibit B, denied coverage under the uninsured motorist clause because of the failure to comply with the consent requirements.

The enforceability of the permission to sue clause has not been construed by any Ohio court, and out of state courts have construed this requirement differently. See *Travelers Indemnity Co.* v. *Kowalski*, 233 Calif. App. 2d 607; *Oren* v. *General Accident Fire and Life Assurance Corp., Ltd.*, Fla., 175 S. 2d 581; *Bass* v. *Aetna Casualty and Surety Co.*, and *Gresham* v. *Aetna Casualty and Surety Co.*, Fla., 199 S. 2d 790.

In the *Bass case* the court, in circumstances similar to the case before us, wherein the planitiff sued under the false impression that there was insurance, held he was not automatically barred from recovery but he had the burden of showing that the breach was not prejudicial to the insurer. This would seem to be the sound rule, and is the rule that this court accepts.

The communication of the status of the case to the defendant insurance company certainly precludes any claim by them that the action of the plaintiff in the former lawsuit was prejudicial to this defendant. They were given ample opportunity to cooperate, but they elected to rely upon the unintentional mistake and failure to comply with the technical terms of their contract. This type of result was not anticipated when the parties entered into the contract and will not be imposed upon the plaintiff by this court.

Accordingly, this court determines and declares that the plaintiff herein did have coverage under the policy set out in this petition, which has been referred to as the uninsured motorist clause, and may proceed to recover pursuant to the terms of said insurance policy.

*Judgment for plaintiff.*