MONAGHAN ET AL. *v.* J. C. PENNEY CASUALTY INSURANCE
COMPANY.

[Cite as Monaghan v. J. C. Penney Cas. Ins. Co. (1977),
57 Ohio Misc. 11.]

(No. 76CV-02-612—Decided November 25, 1977.)

Court of Common Pleas of Franklin County.

*Mr. James Readey*, for plaintiffs.
*Mr. Craig Denmead*, for defendant.

FAIS, J. Defendant, insurance company, admits a
policy of automobile insurance was written prior to October
11, 1974, insuring plaintiff, Stephan L. Monaghan, *inter alia*,
with uninsured motorist coverage.

It is further admitted that said plaintiff was involved
in an automobile accident on or about October 11, 1974,
with an uninsured motorist. Plaintiff suffered personal
injuries, incurred medical and hospital expenses and lost
wages, and he sustained permanent disability.

After filing the original complaint in this present action,
the plaintiffs, who are husband and wife, filed a demand

for arbitration with the American Arbitration Association, which action was taken under the uninsured motorists provision of the said automobile insurance policy. Plaintiffs claim to have performed their obligations in accordance with the terms of the policy, and the plaintiffs claim that defendant refused to enter into arbitration, such refusal being based on the allegation that the insured plaintiff violated arbitration provisions of the automobile insurance policy.

The plaintiffs now seek relief consisting of a judgment whch will entitle the plaintiffs to proceed with the arbitration of their claim in accordance with the terms of the insurance policy.

Defendant relies principally upon the defense that arbitration cannot be had when there is litigation between the two parties. Further, that plaintiffs "breached many of the provisions of the policy thereby precluding them of any right of recovery under the policy."

A statement of facts submitted by the plaintiffs, and accepted for the most part by the defendant, indicates that subsequent to the automobile accident the insured made several unsuccessful attempts through his attorney to settle the claims with the tortfeasor. On April 25, 1975, plaintiffs' attorney addressed a letter to the defendant (insurer) stating in part:

"As I believe you have already been informed by Mr. Monaghan, the other driver in this accident, Mr. Spaulding, was apparently uninsured at the time of the accident and Mr. Monaghan will therefore be seeking recovery under his policy with you for both his medical expenses as well as his uninsured motorist coverage to reimburse him for his pain, suffering and permanent disability."

A claims representative acknowledged this letter on behalf of the defendant on May 7, 1975, and the insured was paid $1,080.08 by the defendant company under his medical payments coverage. It is a further fact that on May 5, 1975, plaintiff filed suit against the uninsured motorist for personal injuries and property damage. In that suit the defendant filed an answer, but, subsequently, on July 8, 1975, the answer was withdrawn. A motion for judgment by default was set for hearing November 18, 1975, and judg-

ment in the sum of $14,000 was rendered in favor of plaintiff, Stephan L. Monaghan, and the sum of $1,000 was awarded to Phyllis M. Monaghan. The judgment entry was filed November 19, 1975. Plaintiffs' attorney informed defendant's claim representative of this suit before default judgment was taken. This fact the claims representative denies.

The default judgment against the tortfeasor was discharged in bankruptcy on January 29, 1976, but before this discharge was granted plaintiffs' attorney advised defendant's claim representative of the judgment together with the intention to pursue his uninsured motorist claim against the defendant. On January 6, 1976, defendant's claim representative denied coverage under the uninsured motorist coverage for "failure of the insured to comply with various policy provisions." Thereafter, the plaintiffs filed the present action against the defendant. Plaintiffs' demand for arbitration, filed August 15, 1976, has been stayed by reason of the pending dispute concerning coverage.

The following policy defenses raised by the defendant are numerous and significant and they must be carefully considered in resolving the issues between the parties:

(1) That no judgment or the amount thereof obtained against Christopher Spaulding is conclusive on defendant insurer unless defendant gave its written consent to the suit against Christopher Spaulding, which it did not;

(2) that the uninsured motorists coverage of the policy is excluded where the "insured, his legal representative or any person entitled to payment under this coverage shall, *without written consent* of the company, *make any settlement* with any person or organization who may be legally liable therefor" (Emphasis added.);

(3) that uninsured motorist coverage is excluded to plaintiffs because of the following policy provision:

"Trust Agreement: *In the event of payment to any person* under this Part: * * *

"(c) *such person* shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights." (Emphasis added.);

(4) that the plaintiffs' suit is barred or plaintiffs have

no coverage because of the provision of the policy which requires binding arbitration of claims in this dispute, which plaintiffs did not pursue before filing this suit;

(5) that the action is either barred or plaintiffs have forfeited all rights to recovery under the uninsured motorist coverage because of the following provision of the policy:

"6. Action Against Company—Parts II, III and IV:

"No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy nor, under Part III (not uninsured motorist coverage), until thirty days after proof of loss if filed and the amount of loss is determined as provided in this policy"; and

(6) that in any event, defendant's liability is limited to its $12,500.00 single person limit under the uninsured motorist provisions.

Defendant claims that the language of the policy placed a mandatory duty upon the plaintiffs to forward a copy of the complaint and summons to the defendant company as a "condition precedent" to filing any action against this defendant. Defendant claims that the policy "makes it clear" that no action may be taken against the company if the plaintiffs fail to perform as stated in the policy.

The parties herein agree on one thing: that it is proper for this court to decide the questions of coverage—these issues are not to be decided by the arbitrator.

A close examination of the actions and attitude of the plaintiffs is necessary and the court finds in this area that:

1. Plaintiffs made no settlement with Christopher Spaulding (the uninsured motorist).

2. Plaintiffs never received any money from Christopher Spaulding.

3. No release or covenant was given by plaintiffs.

4. No agreement prejudicing, limiting, or binding the defendant (insurer) was made.

5. Plaintiffs agree that no judgment is binding upon the defendant.

6. Plaintiffs' actions consisted of obtaining a judgment against the uninsured motorist without the written

consent of the insurer and without notifying said defendant.

Whatever is decided must be found to be consistent with the creed repeatedly recognized in any interpretation of an insurance contract. See *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, at page 78:

"* * * It is one of the best-known principles of insurance law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer."

The policy in the present case did not provide for excluding coverage if the insured prosecuted an action against an uninsured motorist without notice to the company or obtaining the consent of the company. Exclusion for "prosecuting to judgment" was not a part of this policy. The policy recognizes clearly that a judgment will not be binding, nor determinative, so far as the company's liability is concerned. This court so finds.

Exclusion of coverage, without written consent to sue, is not to be found in the defendant's policy. The inclusion of a provision prohibiting the action taken by the plaintiffs would clearly be violating the terms of the contract. To understand the effect and force of a provision against prosecution to judgment by an insurer the case of *Abraham* v. *Great American Ins. Co.* (1969), 21 Ohio Misc. 170, 256 N. E. 2d 265, speaks to the issue:

" 'This policy does not apply under Part IV to bodily injury to an insured * * * [who] shall, without written consent of the company, make any settlement with *or prosecute to judgment* any action against any person or organization who may be legally liable therefor.' " (Emphasis added.)

In the *Abraham* case, the insured prosecuted his action to judgment against the uninsured motorist without written consent of the defendant insurer. No settlement had been made. The court held that, even in the face of this express provision, the insured still could recover if he could show that the insurer had nevertheless not been prejudiced.

An exclusion of coverage provision for failure to obtain consent to sue is the question considered in *Matter of*

*Alston (Amalgamated Mut. Cas. Co.)* (1967), 53 Misc. 2d 390, 278 N. Y. Supp. 2d 906. At page 394, the court expresses its opinion as follows:

"The exclusion contained in the policy in the instant case is *more limited than that in the standard endorsemcnt* referred to above. * * *

"There is no express exclusion if the insured should prosecute an action to judgment against the uninsured motorist. * * * Accordingly even if the respondent [insured] had commenced an action against Joyner [the uninsured motorist], that in itself would not and could not constitute a waiver [of the insured's right to arbitration of the uninsured motorist claim and right to recovery thereunder]." (Emphasis added.)

The same result is found in *Biles* v. *State Farm Mut. Automobile Ins. Co.* (Okla. App. 1974), 521 P. 2d 890.

The defendant's argument is real and worthy of support only if its policy provisions exclude coverage by and under definitive and clear conditions. Arbitration must proceed in the absence of positive and declarative exclusions.

Also, absent a showing of prejudice to defendant's rights, how can the defendant claim that its rights have been adversely affected or damages sustained? The defendant's rights have been secured by the plaintiffs' actions and nothing detrimental to defendant has been demonstrated.

Therefore, this court concludes that the plaintiffs are covered under the uninsured motorist provisions of their policy with the defendant, and it follows that the parties shall proceed to arbitration of the plaintiffs' claims under the terms of the policy, and that any award pursuant to said arbitration be, and hereby is, enforced under the order and judgment rendered herein.

*Judgment accordingly.*