INMAN, ADMX., APPELLEE, *v.*
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, APPELLANT.

(No. CA-3421—Decided
June 26, 1989.)

*McCarthy, Palmer, Volkema &
Becker* and *William C. Becker,* for appellee.

*Isaac, Brant, Ledman & Becker,
Mark Landes* and *David E. Ballard,*
for appellant.

GWIN, J. Defendant-appellant, National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union"), appeals from the judgment of the Court of Common Pleas of Licking County, granting summary judgment in favor of plaintiff-appellee, Bernadine C. Inman, administratrix of the estate of Dale L. Inman ("plaintiff"), thereby declaring National Union's policy for uninsured motorist coverage to be equivalent to the automobile liability coverage stated in the insurance policy, to wit, $500,000. National Union raises the following two assignments of error:

Assignment of Error No. I

"The court below erred in denying defendant National Union's motion for summary judgment.

"A. The court erred in ruling that, as a matter of law, Modern Welding failed to make a valid election of minimum statutory limits for uninsured motorist coverage.

"B. Although the issue was not reached below, the trial court should have ruled that, as a matter of law, plaintiff is limited to the 'per person' limit of uninsured motorist coverage provided by defendant National Union, to wit, $12,500."

Assignment of Error No. II

"The court below erred in granting plaintiff's motion for summary judgment to the extent of declaring that, as a matter of law, the limits of National Union's policy for uninsured motorist coverage are the same as the limits for liability insurance, to wit, $500,000."

Dale Inman, the decedent, was an employee of Modern Welding Company, Inc. ("Modern Welding"). On January 10, 1984, decedent was involved in a fatal automobile accident. Plaintiff alleged decedent's death was caused by an uninsured motorist. Plaintiff then identified National Union, among others, as providing applicable uninsured motorist coverage.

At the time of said accident Modern Welding had an insurance

policy with National Union which provided liability coverage in the amount of $500,000. The dispute, and this appeal, concerns the amount of the uninsured motorist insurance coverage provided by National Union.

We now turn to National Union's assignments of error and discuss the same together.[1]

The thrust of National Union's argument is that the term "minimum statutory limits," as applied to Modern Welding's uninsured motorist insurance coverage, denotes the minimum limits provided by R.C. 4509.20(A), to wit: $12,500 per person and $25,000 per incident. On the other hand, plaintiff argues, and the trial court agreed, that said term indicates uninsured motorist coverage equivalent to the liability insurance of $500,000. We agree with the latter position for the following reasons.

We begin with R.C. 3937.18 which sets out the requirements for uninsured motorist coverage and provides in pertinent part:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following are provided:

"(1) *Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury or death* under provisions approved by the superintendent

of insurance, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom;

"* * *

"(C) *The named insured may only reject or accept both coverages offered under division (A) of this section. The named insured may require the issuance of such coverages for bodily injury or death in accordance with a schedule of optional lesser amounts approved by the superintendent, that shall be no less than the limits set forth in section 4509.20 of the Revised Code for bodily injury or death.* * * *" (Emphasis added.)

We next turn to R.C. 4509.20 (requirements of insurance or bond necessary to excuse deposit of security) which provides in part:

"(A) A policy or bond does not comply with * * * [R.C. 4509.19 (A)(5), (6) and (7)] unless such policy or bond is subject * * * to a limit, exclusive of interest and costs, of not less than twelve thousand five hundred dollars because of bodily injury to or death of one person in any one accident, and, subject to said limit for one person, to a limit of not less than twenty-five thousand dollars because of bodily injury to or death of two or more persons in one accident * * *."

Clearly, R.C. 3937.18(A)(1) and (C) require that automobile liability insurance policies provide uninsured motorist coverage in the equivalent amounts to the automobile liability coverage *unless* the insured rejects this equivalent amount and opts for lesser amounts. These lesser amounts, under no circumstances, may be less than

---

[1] A trial court's overruling of a summary judgment motion is not a final appealable order. Therefore, this court lacks jurisdiction in considering an appeal of such and National Union's first assignment of error is improperly brought before us.

$12,500 per person and $25,000 per incident. Therefore, we turn to Modern Welding's application for National Union's coverage and to the insurance policy itself.

On page two of said application, Modern Welding requested the liability insurance coverage limit of $500,000 per accident. Four lines below that, the uninsured motorist cover limit requested is indicated as "MIN." On the insurance policy, the liability insurance coverage was set at $500,000 per accident. The uninsured motorist coverage limit was set at "minimum statutory limits." From this, we now reach the fork in the road as to whether "minimum statutory limits" connotes an equivalent amount of automobile liability, *i.e.*, $500,000, or $12,500 per person? We believe this ambiguity should be resolved in the insured's favor.

Our conclusion is supported by the rule set out in *Ohio Farmers Ins. Co.* v. *Wright* (1969), 17 Ohio St. 2d 73, 78, 46 O.O. 2d 404, 406, 246 N.E. 2d 552, 555, which requires insurance policies to be strictly construed against the drafter and liberally in favor of the insured. Furthermore, in *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593, 599, 23 O.O. 3d 495, 499, 433 N.E. 2d 547, 550-551, the court held with reference to R.C. 3937.18:

"Therefore, we conclude that because the statute mandates that full coverage be offered, any restriction must be closely scrutinized to be sure that it complies with the statutory purpose. Furthermore, an exclusion must be conspicuous and in terminology easily understood by a customer. A customer must be aware of the provision, understand the meaning and voluntarily agree to any restrictions on the full coverage statutorily mandated. * * *"

National Union asserts that the insured in this case, Modern Welding, agrees that the minimum statutory limit was $12,500. If this were the case, we would agree with National Union's argument. However, after a complete and thorough examination of the record we fail to find any evidence which would support National Union's contention. Although there is an answer in plaintiff's interrogatory which states that Modern Welding's vice chairman and vice president requested minimum coverage, there is no evidence as to what minimum coverage meant.

Therefore, National Union's assignments of error are hereby overruled.

*Judgment affirmed.*

HOFFMAN, P.J., and SMART, J., concur.