**White v.**
**John Hancock Mutual Life Ins. Co.**
*[Cite as 6 AOA 353]*

*Case No. CA89-08-047*
*Warren County, (12th)*
*Decided August 27, 1990*

*Fred C. Hubbell, Young & Hubbell, 300 Lebanon Bank Building, Lebanon, Ohio 45036, for Plaintiff-Appellant*

*Mark R. Chilson and Barbara A. Lahmann, Young & Alexander Co., L.P.A., 367 West Second Street, Dayton, Ohio 45414, for Defendant-Appellee, John Hancock Mutual Life Insurance Company.*

*Walter E. Schutt, 36 1/2 North South Street, Wilmington, Ohio 45177, for Defendant-Appellee, David P. Terrell.*

*Per Curiam.*

This cause came on to be heard upon an appeal, transcript of the docket, journal entries and original papers from the Warren County Court of Common Pleas, transcript of proceedings, briefs and oral arguments of counsel.

Now, therefore, the assignment of error having been fully considered is passed upon in conformity with App. R. 12(A) as follows:

On June 25, 1986, Russell A. White applied for a $250,000 life insurance policy from defendant-appellee, John Hancock Mutual Life Insurance Company. White signed the application and paid an advance premium of $194.56 to defendant-appellee, David Terrell, John Hancock's agent. In return, White received a receipt and conditional temporary insurance agreement signed by Terrell.

A paramedic medical examination of White was scheduled for July 9, 1986. However, White died in an automobile accident on July 8, 1986.

On April 28, 1988, plaintiff-appellant, Kathy White, wife of Russell A. White and proposed beneficiary of the policy, filed suit against John Hancock and Terrell seeking the proceeds of the temporary insurance coverage. In response, both John Hancock and Terrell denied temporary coverage existed at Russell White's death since White never received his medical examination.

Both Terrell and John Hancock moved for summary judgment. In a decision dated June 15, 1989, the trial court granted the motion on the ground that the medical examination was a condition precedent to coverage and Russell White's failure to satisfy the condition before his death precluded the existence of temporary insurance coverage.

Kathy White appealed in a timely manner and submits the following assignment of error:

"The trial court erred to the prejudice of the plaintiff-appellant in granting defendants-appellees' motion for summary judgment."

A court reviewing the granting of a summary judgment must follow the standard articulated in Civ. R. 56(C), which provides that summary judgment may be granted upon the determination that:

"'*** (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' *Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327.

"'Further, upon appeal from summary judgment, the reviewing court should look at the record in the light 'most favorable to the party opposing the motion. ***' *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St. 3d 54, 58[.]"

The principal issue before this court is whether a medical examination of Russell A. White was required in order to commence temporary insurance coverage under the terms of the conditional temporary insurance agreement.

It is well established law that a policy or contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. *Ohio Farmers Ins. Co. v. Wright* (1969), 17 Ohio St. 2d 73. Page two of the life insurance application Russell White signed contained an agreement separated into two sections, Part A and Part B. Part B provides that coverage takes effect, subject to the conditions stated in the conditional temporary insurance agreement, if:

"(1) an advance premium payment is made;

"(2) the amount of insurance applied for does not exceed "$1,000,000; and

"(3) questions 26-28 have been answered 'NO.'"

After satisfying these requirements, White received a receipt and conditional temporary insurance agreement. At the top of the conditional temporary insurance agreement, the following statement appears in black bold print: "PARTS A AND B OF THE APPLICATION AND ANY REQUIRED MEDICAL EXAMINATION MUST BE COMPLETED BEFORE TEMPORARY INSURANCE COVERAGE BECOMES EFFECTIVE."

Several lines down the page appears a caption entitled "Commencement and Amount of

Temporary Insurance Coverage." This section states:

"Each person's "Completion Date" shall be the date of completion of the latest of the Parts A and B of the application and any medical examination required by the Company's published initial underwriting requirements according to the age and amount applied for."

Even though insurers may attach conditions precedent to temporary insurance coverage in the application and conditional receipt, (see *Gregg v. John Hancock Mutual Life Insurance Co.* (1975), 43 Ohio St. 2d 199), "[p]olicies of insurance, which are in language selected by the insurer and which are reasonably open to different interpretations, will be construed most favorably for the insured." *Butche v. Ohio Casualty Ins. Co.* (1962), 174 Ohio St. 144, syllabus. Before this principle of law can be utilized, there must be "contractual language reasonably susceptible of different interpretations." *Kaplysh v. Takieddine* (1988), 35 Ohio St. 3d 170, 174.

In reading the contractual language of the conditional temporary agreement, it remains unclear whether the term "any required medical exam" applied to Russell White. Although that provision is written in two different places on the conditional receipt, there is no language present stating that an exam was required. In construing the conditional temporary insurance agreement's language most favorable to White, we conclude that the language could be interpreted to indicate that an examination may not have been necessary. Due to the insurer's superior bargaining position, it is not for the insurer to decide after the fact that an insured did not satisfy a condition precedent. Rather, it is a question of fact for the jury to resolve.

In granting summary judgment to John Hancock and Terrell, the trial court relied upon *Ellison v. Empire General Life Insurance Company* (June 29, 1989), Cuyahoga App. No. 068070, unreported. In that case, Ellison signed an application for life insurance with Empire General, paid a two-month premium, and received a conditional receipt signed by the insurance broker. He died four days later and Empire General refused to pay the policy proceeds, claiming Ellison did not undergo a medical examination prior to the insurance becoming effective as required by the conditional receipt. In that case, the court held that the terms contained in the receipt clearly conditioned insurance coverage on the completion of the medical examination. In the case at hand, the trial court granted summary judgment based upon that holding.

However, the court in *Ellison* did find merit in the claim that the trial court improperly granted summary judgment since reasonable minds could differ as to whether a medical examination was required. An issue of fact existed, the court held, where uncertainty existed concerning the completion of all conditions precedent to effectuate coverage. Similarly, in the present case, the evidence presented does not resolve the issue of whether a medical examination of White was necessary in order to commence temporary insurance coverage. Likewise, the plain language of the conditional receipt fails to cite any requirement for a medical examination. Although it is undisputed that White was going to have a medical examination, a dispute exists as to whether such an examination was required. As a result, White's sole assignment of error is well-taken.

Viewing the evidence in the light most favorable to White, we find that reasonable minds could reach different conclusions as to whether a medical examination of White was required under the terms of the conditional temporary insurance agreement. Accordingly, summary judgment was inappropriate.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment.

Costs to be taxed in compliance with App. R. 24.

And the court being of the opinion that there were reasonable grounds for this appeal, allows no penalty.

It is further ordered that a certified copy of this Memorandum Decision and Judgment Entry shall constitute the mandate pursuant to App. R. 27.

To all of which the appellees, by their counsel, except.

JONES, P.J., HENDRICKSON and KOEHLER, J.J., concur.