ERIE INSURANCE GROUP, Appellant,

v.

WOLFF et al., Appellees.

[Cite as *Erie Ins. Group v. Wolff* (1994), 94 Ohio App.3d 216.]

Court of Appeals of Ohio,
Hamilton County.

No. C-930028.

Decided April 6, 1994.

*Jeffrey A. Hazlett,* for appellant.

*Fleck, Mather & Strutz, Ltd.,* and *Steven A. Storslee;* and *Stanley W. Rozic,* for appellees.

---

Marianna Brown Bettman, Judge.

In 1988, Myron and Katherine Wolff, who are husband and wife and residents of Cincinnati, Ohio, were victims of an automobile accident in North Dakota. As a result of that accident, Mrs. Wolff was rendered quadriplegic. Mr. Wolff suffered no physical injuries. The tortfeasors, two North Dakota drivers, settled their potential liability for $150,000, which was the limit of their respective insurance policies. In addition, in their own policy with Erie Insurance Group ("Erie"), Mr. and Mrs. Wolff had underinsured motorist coverage with per-person limits of $250,000 and per-accident limits of $500,000. Erie paid Mrs. Wolff the

per-person limit of its underinsured coverage, less the amount paid by the tortfeasors.[1] Subsequently, Mr. Wolff attempted to make a separate claim under the Erie policy for his loss of consortium.

In response, Erie filed a declaratory judgment action in Hamilton County, where the policy was issued, to determine if Mr. Wolff was entitled to a separate claim under the Erie policy for his loss of consortium. The parties filed cross-motions for summary judgment.[2] The trial court granted summary judgment in favor of Mr. Wolff, holding that his loss of consortium was a separate claim not subject to the per-person limit under the Erie policy. In its judgment entry dated December 21, 1992, the trial court issued a final appealable order, noting that all other matters before the court had been withdrawn.[3]

In its first assignment of error, Erie argues that the trial court erred in granting summary judgment to Mr. Wolff. Erie contends that the court erred in determining that Mr. Wolff's loss of consortium was a separate claim not subject to the per-person limit paid to Mrs. Wolff. Erie essentially argues that this case is controlled by *Tomlinson v. Skolnik* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716. *Tomlinson* holds that, absent a definitional policy provision to the contrary, a claim for loss of consortium is subject to a single-person limit of coverage. *Id.* at paragraph two of the syllabus.[4]

Mr. Wolff, on the other hand, argues that the trial court correctly held that loss of consortium is a separate claim under the Erie policy.

The trial court used two rationales to decide that Mr. Wolff's claim was separate. First, the court was persuaded by Ohio Supreme Court dicta in *Cincinnati Ins. Co. v. Phillips* (1990), 52 Ohio St.3d 162, 164, 556 N.E.2d 1150,

---

1. It is undisputed that Erie was allowed to set off the $150,000 paid by the North Dakota insurers.

2. On numerous occasions, this court has expressed its preference for trial courts not to decide declaratory judgment actions by way of summary judgment when the parties have not stipulated the facts of the case. Here, however, there were no disputed factual issues, and, in granting summary judgment, the trial court did properly declare the rights of the parties. See, generally, *Nichols v. Leader Natl. Ins. Co.* (Feb. 11, 1987), Hamilton App. No. C–860215, unreported, 1987 WL 6364.

3. This case has had appearances in the federal district courts of North Dakota and the Southern District of Ohio. At oral argument, the parties agreed that, at this time, the only outstanding issue is the propriety of the trial court's summary judgment.
   We have *sua sponte* removed this cause from the accelerated calendar.

4. *Tomlinson* also holds that limiting recovery for all causes of action "arising out of" or "because of" bodily injury to a single limit of liability is a valid policy restriction. *Tomlinson*, at paragraph one of the syllabus (following *Dues v. Hodge* [1988], 36 Ohio St.3d 46, 521 N.E.2d 789). *Dues* was approved by *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809, but limited to cases involving a single bodily injury not resulting in death.

1152–1153 *(Phillips II)*, which maintained that a majority of the current court disagreed with *Tomlinson* and found its holding to be of questionable validity. After apparently rejecting *Tomlinson*, without actually overruling it, the *Phillips II* majority held that each person entitled to recover damages for wrongful death has a separate claim, and that their separate claims may not be made subject to the single-person limit of liability. *Id.* at 166, 556 N.E.2d at 1154. Under the trial court's second rationale, it found that ambiguity in the Erie policy's insuring language created separate claims for Mr. and Mrs. Wolff.

In fairness to both sides in this case, issues of uninsured and underinsured motorist coverage have been much litigated, revised, and revisited by the courts.[5] Nonetheless, we decline to enter the fray. We choose to decide this case on traditional grounds of insurance policy interpretation.

Three sections of the Erie policy are pertinent to our analysis.[6] Under the section entitled "Our Promise," the policy reads as follows:

"We will pay damages that the law entitles you or your legal representative to recover from the driver or owner of an uninsured motor vehicle [in this case underinsured]. Damages must result from an accident arising out of ownership or use of the uninsured motor vehicle. Damages must involve bodily injury which means physical harm, sickness, disease or resultant death."

Under this clause, Mrs. Wolff clearly is entitled to recover damages. The parties agree that the North Dakota tortfeasors responsible for her injuries were underinsured, and that Mrs. Wolff suffered catastrophic bodily injury as a result of the accident.

---

5. See, *e.g., Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809 (overruling, *inter alia, State Farm Auto. Ins. Co. v. Rose* [1991], 61 Ohio St.3d 528, 575 N.E.2d 459; paragraphs one and two of the syllabus of *Burris v. Grange Mut. Cos.* [1989], 46 Ohio St.3d 84, 545 N.E.2d 83; *Hill v. Allstate Ins. Co.* [1990], 51 Ohio St.3d 713, 556 N.E.2d 189); *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309 (overruling paragraph two of the syllabus of *Dairyland Ins. Co. v. Finch* [1987], 32 Ohio St.3d 360, 513 N.E.2d 1324); *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 49, 521 N.E.2d 789, 793 (overruling paragraph two of the syllabus of *Auto–Owners Mut. Ins. Co. v. Lewis* [1984], 10 Ohio St.3d 156, 462 N.E.2d 396).

We believe that it indeed can be argued that recent Ohio Supreme Court cases, subsequent to both the *Phillips II* decision and the trial court's judgment, consign *Tomlinson* to an even deeper unmarked grave. See, generally, *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 585 N.E.2d 384, and *State Farm Auto. Ins. Co. v. Alexander, supra.* See, also, *Adkins v. Republic–Franklin Ins. Co.* (1991), 76 Ohio App.3d 611, 614, 602 N.E.2d 756, 757; *Brown v. Republic Franklin Ins. Co.* (Dec. 23, 1991), Stark App. Nos. CA–8491, 8520, unreported, 1991 WL 307132; *Ossovicki v. Agway Ins. Co.* (Nov. 27, 1992), Ottawa App. No. 92–OT–005, 1992 WL 348232 (all applying *Phillips II* to loss of consortium claims).

6. We note that the section of the policy we are interpreting is the uninsured/underinsured endorsement.

We note an important definitional distinction at this point. In the uninsured/underinsured motorist coverage section of the Erie policy, "bodily injury" is defined as "physical harm, sickness, disease, or resultant death." The definition of bodily injury expressly fails to include loss of consortium. By contrast, in the liability section of the policy, the definition of bodily injury specifically includes care and loss of services. We assume that Erie intended for these definitions to be different.

We look next at another section of the insuring clause captioned "Others We Protect." Paragraph three reads:

"(3) Anyone else who is entitled to recover damages because of bodily injury to any person protected by this coverage."

We read this section as giving Mr. Wolff, who is a named insured, the right to recover damages for his claim for loss of consortium. *Clouston v. Remlinger Oldsmobile Cadillac, Inc.* (1970), 22 Ohio St.2d 65, 51 O.O.2d 96, 258 N.E.2d 230.

The final section is the provision dealing with limitations on the company's liability. Within this section are two pertinent provisions. The introductory paragraph under "Limits of Protection" states that the maximum exposure Erie has under this coverage is the $500,000 per-accident limit on the declarations page, regardless of the number of persons, autos, or claims in one accident.

The other pertinent part of this section reads as follows:

"Split Limits

"(1) 'EACH PERSON' This is the most we will pay for bodily injury to one person in any accident."

This per-person limit clearly applies only to Mrs. Wolff's bodily injury claim.

The question is, when all these sections are read together, what limits apply to Mr. Wolff's claim? We agree with the trial court that the Erie policy is at best ambiguous on this point.

█ It is basic insurance law that when provisions of an insurance contract are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured who is seeking coverage. *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88, overruled on other grounds in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809; *King v. Nationwide Ins. Co.* (1988), 35 Ohio St.3d 208, 519 N.E.2d 1380, syllabus; *Dairyland Ins. Co. v. Finch* (1987), 32 Ohio St.3d 360, 362, 513 N.E.2d 1324, 1327, overruled on other grounds by *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309; *Faruque v. Provident Life & Acc. Ins. Co.* (1987), 31 Ohio St.3d 34, 31 OBR 83, 508 N.E.2d 949, syllabus; *Buckeye Union Ins. Co. v. Price* (1974), 39 Ohio St.2d 95, 97–98, 68

O.O.2d 56, 58, 313 N.E.2d 844, 846; *Ohio Farmers Ins. Co. v. Wright* (1969), 17 Ohio St.2d 73, 78, 46 O.O.2d 404, 408, 246 N.E.2d 552, 555.

Under the Erie policy, it is arguable that there is no limiting language on Mr. Wolff's consortium claim at all. Because the maximum Erie must pay under the underinsured coverage is $500,000, and because we agree that Mr. Wolff's claim is separate from Mrs. Wolff's and not subject to the per-person limit of liability covering her claim, we hold that Mr. Wolff can recover up to $250,000 under the Erie policy. Whether this is under a separate per-person limit of liability as the trial court found or under the per-accident limit in the contract makes no difference in this case. Under either method, Mr. Wolff is entitled to recover up to $250,000 on his loss-of-consortium claim.[7]

In its second assignment of error, Erie argues that the trial court erred when it did not grant Erie summary judgment because Mr. Wolff's consortium claim was derivative of, and merged with, Mrs. Wolff's bodily injury claim, and was thus extinguished when her claim was settled. We reject this argument on the authority of *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 585 N.E.2d 384. The *Bowen* syllabus holds that an "action for loss of consortium occasioned by a spouse's injury is a separate and distinct cause of action that cannot be defeated by a contractual release of liability which has not been signed by the spouse who is entitled to maintain the action." Erie produced no evidence that Mr. Wolff signed any kind of release, and, under *Bowen*, the law will not impute a release of his claim from Mrs. Wolff's release of her claim. The second assignment of error is overruled.

Accordingly, we hold that Mr. Wolff is entitled to recover up to $250,000 on his consortium claim under the Erie policy.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, P.J., and DOAN, J., concur.

---

7. The parties stated in oral argument that they had previously agreed that if Mr. Wolff prevailed, the value of his claim would be arbitrated.