**CONVENIENT FOOD MART #350, INC., Appellee,**

v.

**CINCINNATI INSURANCE CO., Appellant.**

[Cite as *Convenient Food Mart #350, Inc. v. Cincinnati Ins. Co.* (1996), 114 Ohio App.3d 649.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5414.

Decided Oct. 21, 1996.

---

*Matthew J. Blair* and *Kurt D. Latell*, for appellee.

*Michael D. Rossi*, for appellant

EDWARD J. MAHONEY, Judge.

This is an accelerated calendar case submitted to this court on the briefs of the parties.

Appellee, Convenient Food Mart # 350, Inc., and appellant, the Cincinnati Insurance Company, stipulated to the following facts. Appellee was, at all relevant times, a corporation duly organized and exiting under the laws of Ohio. Appellant, in consideration for a premium paid by appellee, issued a policy of insurance to appellee covering, *inter alia*, loss by theft. The policy provided:

"Money is not covered unless loss is caused by theft from within a cash register or by forcible entry into locked safe. Also Money left outside the safe or cash register is not covered unless the loss is caused by actual hold up through threat or fear of violence to custodian."

On September 25, 1993, while the aforementioned policy was in full force and effect, a theft occurred at appellee's place of business. While the store clerks were busy waiting on customers at the cash register, perpetrators forced their way into a locked back office and stole money from a desk. Money was also taken from a locked safe in the office. It is unknown how the thieves entered the safe, but there was a key to the safe in the office.

On June 24, 1994, appellee filed a complaint against appellant to recover under its commercial insurance policy for the theft of money previously outlined. Based upon joint stipulations and briefs filed by the parties, the trial court entered judgment in favor of appellee in an amount equal to that which was stolen from the safe. From that decision, appellant timely filed a notice of appeal.

In appellant's sole assignment of error, it contends that the trial court erred in entering judgment in favor of appellee. Specifically, appellant asserts that the theft was not covered under its policy because there was no "forcible entry" into the safe. Appellant argues that since there was no sign of force, the perpetrators

must have used the key which was located in the office. Thus, without force, there could be no "forcible entry." We disagree.

One of the basic rules of insurance law in Ohio is that any ambiguous language in an insurance policy should be construed liberally in favor of the insured and strictly against the insurer. *Ohio Farmers Ins. Co. v. Wright* (1969), 17 Ohio St.2d 73, 78, 46 O.O.2d 404, 406–407, 246 N.E.2d 552, 554–555. Strict construction applies with "greater force to language that purports to limit * * * coverage." *Watkins v. Brown* (1994), 97 Ohio App.3d 160, 164, 646 N.E.2d 485, 487.

The trial court, in the case *sub judice*, found that the actions of the perpetrators amounted to a forcible entry into the locked safe. The court stated:

"There is no dispute that the perpetrators used force to enter the office and further no dispute that the safe was locked. In liberally interpreting the provisions of the policy, one cannot say that entry into a locked safe was without force. The argument can be made that the entry was without violent force, but that is not the issue herein."

We agree with the trial court. By analogy, in criminal cases, Ohio courts have consistently held that the entering of a home through an unlocked door is proof of the element of force. *State v. Cookingham* (Dec. 23, 1994), Ashtabula App. No. 93–A–1836, unreported, at 10, 1994 WL 738498. See, also, *State v. Lane* (1976), 50 Ohio App.2d 41, 46, 4 O.O.3d 24, 26–27, 361 N.E.2d 535, 539; *State v. Russell* (July 22, 1994), Montgomery App. No. 14002, unreported, 1994 WL 380480.

Additionally, courts in other states have reached the same decision in similar cases. In *Ross v. Travelers Indemn. Co.* (Me.1974), 325 A.2d 768, the court held that the terms "force and violence" in an indemnity insurance policy do not require any particular degree of force as a prerequisite but only that whatever force was used be illegitimate. *Id.* at 770. Similarly, in *Weldcraft Equip. Co. v. Crum & Forster Ins. Cos.* (1973), 225 Pa.Super. 420, 312 A.2d 68, the court addressed the issue of the forcible entry of a locked door and noted that in a literal sense, force must be used to move the lock no matter what means is employed, including a key.

In the present case, we hold that the unauthorized entry into the locked safe, by whatever means, was sufficient to satisfy the forcible entry language in the insurance policy. Accordingly, the trial court did not err in entering judgment in favor of appellee.

Appellant's sole assignment of error is without merit.

*Judgment affirmed.*

FORD, P.J., and NADER, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.