OPINION.
{¶ 1} Plaintiff-appellant Charles Hans appeals from the trial court's order granting summary judgment and denying recovery under the underinsured-motorist ("UM/UIM") coverage of a commercial automobile policy issued to his mother's employer, Laboratory Corporation of America ("Labcorp"), by defendant-appellee, the Hartford Insurance Company. In June 1997, Hans was permanently injured while riding in a vehicle insured by Progressive Insurance Company. After electing to receive the $55,000 liability limits under the Progressive policy, Hans sought additional recovery under the UM/UIM coverage of the Hartford policy based upon the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
{¶ 2} At the time of the accident, Labcorp's commercial automobile policy with Hartford contained a deductible-reimbursement endorsement. Under the endorsement, Labcorp's deductible matched the liability limit of one million dollars. Labcorp was obligated to promptly reimburse Hartford for the entire amount of any payments made under the policy. The policy also included a supplemental application for UM/UIM coverage. This coverage was rejected in writing by Labcorp's senior vice president.
{¶ 3} In a single assignment of error, Hans contends that the trial court erred in declaring that Labcorp was a self-insurer and that its policy with Hartford was not subject to the UM/UIM requirements of former R.C. 3937.18. Because Labcorp's policy with Hartford was a fronting agreement with equal deductible and liability limits, and because Labcorp was required to secure its obligations under the policy by an irrevocable letter of credit in the full amount of retained liability, we hold that the risk of loss never shifted from Labcorp. Therefore, Labcorp was a self-insurer in accordance with the syllabus ofGrange Mut. Cas. Co. v. Refiners Transport Terminal Corp. (1986),21 Ohio St.3d 47, 487 N.E.2d 310.
{¶ 4} In October 2001, Hans filed a complaint for declaratory judgment against Hartford seeking UM/UIM benefits. The parties filed cross-motions for summary judgment. See Civ.R. 56(C); see, also, Dresherv. Burt, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264; Erie Ins.Group v. Wolff (1994), 94 Ohio App.3d 216, 640 N.E.2d 583, fn. 2. Following a hearing, the trial court declared the rights of the parties in a written decision and entered summary judgment for Hartford. Because summary judgment presents only questions of law, this court reviews the record de novo, applying the same standard as the trial court. See Polenv. Baker, 92 Ohio St.3d 563, 564-565, 2001-Ohio-1286, 752 N.E.2d 258; see, also, Civ.R. 56(C).
{¶ 5} The version of R.C. 3937.18 in effect at the time of the accident required insurers to offer UM/UIM coverage with every automobile liability policy issued in Ohio. The failure to offer UM/UIM coverage as statutorily required resulted in the automatic extension of that coverage by operation of law. See Gyori v. Johnston Coca-Cola Bottling Group,Inc., 76 Ohio St.3d 565, 1996-Ohio-358, 669 N.E.2d 824. The Supreme Court of Ohio has determined, however, that the "uninsured motorists provisions of R.C. 3937.18 do not apply to either self-insurers or financial responsibility bond principals." Grange Mut. Cas. Co. v. RefinersTransport Terminal Corp., syllabus. In Grange, a corporation that had not complied with the filing requirements of Ohio's proof-of-financial-responsibility statute, R.C. 4509.45, was nonetheless held to be a self-insurer "in the practical sense," because the corporation "was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim." Id. at 49, 487 N.E.2d 310.
{¶ 6} Whether an entity is self-insured depends on who bears the risk of loss. The risk of loss never leaves a self-insurer. See Tuckerv. Wilson, 12th Dist. No. CA2002-01-002, 2002-Ohio-5142, at ¶ 8; see, also, Kohntopp v. Hamilton Mut. Ins. Co., 6th Dist. No. WD-02-033, 2003-Ohio-2793, at ¶ 11. "[W]hile insurance shifts the risk of loss from the insured to the insurer, self-insurance involves no risk-shifting. Rather, in the self-insurance context, the risk is borne by the one on whom the law imposes it. The defining characteristic of insurance, the assumption of specific risks from customers in consideration for payment, is entirely absent where an entity self-insures." Jennings v. Dayton (1996), 114 Ohio App.3d 144, 148,682 N.E.2d 1070.
{¶ 7} In Archer v. ACE, USA, the Tenth Appellate District noted that insurance companies claiming to have issued fronting agreements outside the ambit of R.C. 3937.18 frequently have failed to comply with the proof-of-financial-responsibility statute. See 152 Ohio App.3d 455,2003-Ohio-1790, 788 N.E.2d 662, at ¶ 31 and ¶ 48. R.C. 4509.45(E) provides that "[p]roof of financial responsibility when required * * * may be given by filing * * * [a] certificate of self-insurance, as provided in section 4509.72 of the Revised Code, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to the self-insurer. Such proof shall be filed and maintained for five years from the date of suspension of operating privileges by the registrar of motor vehicles."[1] While acknowledging the risk-shifting analysis and the import of the Grange
syllabus paragraph, the Archer court held that, despite the existence of a fronting agreement, a company's failure to file a certificate of self-insurance prevented it from being a self-insurer in any sense. See152 Ohio App.3d 455, 2003-Ohio-1790, 788 N.E.2d 662, at ¶¶ 26-48. The Second and Eighth Appellate Districts have agreed. See Grubb v. MichiganMut. Ins. Co. 2d Dist. No. 19575, 2003-Ohio-1558; Gilchrist v. Gonsor, 8th Dist. No. 80944, 2003- Ohio-2297.
{¶ 8} Relying on the touchstone of the Grange analysis risk-shifting — the Third, Fourth, Fifth, Sixth, Seventh, and Twelfth Appellate Districts have held that, despite a corporation's failure to comply with R.C. 4509.45, unless the fronting agreement ultimately shifts the risk of loss to the insurance company, the corporation is self-insured in the practical sense. See Hellman v.Motorists Mut. Ins. Co., 3rd Dist. No. 12-02-14, 2003-Ohio-2671; Adamsv. Fink, 4th Dist. No. 02CA2660, 2003-Ohio-1457; Delong v. Myers, 5th Dist. No. 02CA000035, 2003-Ohio-2702; Kohntopp v. Hamilton Mut. Ins. Co.
(6th Dist.); Cincinnati Ins. Co. v. Torok, 152 Ohio App.3d 398,2003-Ohio-1764, 787 N.E.2d 1257; and Tucker v. Wilson (12th Dist.).
{¶ 9} In Kohntopp v. Hamilton Mut. Ins. Co., at ¶ 22, the Sixth Appellate District has certified to the Ohio Supreme Court that the courts of appeal are in conflict on the issue of "whether fronting agreements constitute self-insurance for the purposes of UM/UIM coverage under R.C. 3937.18 and the application of Scott-Pontzer." Until the Ohio Supreme Court resolves this issue, we choose to follow the syllabus law of Grange and the risk-shifting analysis employed in that decision. The ultimate question in this case remains, "Did Labcorp bear the risk of loss up to the retained amounts?"
{¶ 10} Hans contends that Labcorp was not a self-insurer, as it had not filed a certificate of self-insurance and as it did not retain the full risk of loss. The fronting agreement provided that "[b]ankruptcy or insolvency of the `insured' or the `insured's' estate will not relieve us [Hartford] of any obligations under this Coverage Form." Thus, Hans asserts, Labcorp "d[id] not retain 100 percent of the risk of loss," was not a self-insurer in the practical sense, and was not exempt from compliance with former R.C. 3937.18. See Tucker v. Wilson, 12th Dist. No. CA2002-01-002, 2002-Ohio-5142, at ¶ 15 (construing the identical bankruptcy clause).
{¶ 11} Hartford responds that its policy with Labcorp was a fronting agreement and not a true insurance policy that would have shifted the risk of loss to Hartford. Under the fronting agreement, Hartford merely provided a service that included the defense and adjustment of claims and the use of its licenses as an insurer so that Labcorp could satisfy the automobile insurance requirements of the various states in which it operated. See, e.g., Lafferty v. RelianceIns. Co. (S.D.Ohio 2000), 109 F. Supp.2d 837.
{¶ 12} Under the fronting agreement's matching liability limit and deductible amount, Labcorp was obligated to promptly reimburse Hartford for the entire amount of any payments made under the policy. Unlike inTucker v. Wilson, the unrebutted evidence from the affidavit of Labcorp's senior vice president was that Labcorp's obligation to reimburse Hartford, at the time of Hans's accident, was secured by an irrevocable one-million-dollar standing letter of credit in favor of Hartford. R.C.1305.05 provides that once a letter of credit is issued it can be modified or revoked only with the consent of the customer, in this case Hartford. See, generally, Mantua Mfg. Co. v. Commerce Exchange Bank,75 Ohio St.3d 1, 1996-Ohio-187, 661 N.E.2d 161. The letter of credit in this case provided a fund to cover any losses paid by Hartford — the conclusive evidence that Labcorp was a self-insurer. As in Delong v.Myers, 5th Dist. No. 02CA000035, 2003-Ohio-2702, at ¶ 15, the risk of loss never shifted from the corporate entity purchasing the fronting agreement, and it was a self-insurer.
{¶ 13} Although Labcorp had not complied with R.C. 4509.45(E) by filing a certificate of self-insurance, we join the appellate districts that have held that under the fronting agreement the corporation was a self-insurer in the practical sense and that the policy was not subject to the provisions of former R.C. 3937.18. See Kohntopp v. Hamilton Mut.Ins. Co., at ¶ 18. To hold otherwise, we believe, would place form over substance. Therefore, the assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
Hildebrandt, P.J., and Winkler J., concur.
[1] Effective January 1, 2004, this statute will be codified in R.C. 4509.45(A)(5).