Clevenger, Appellant, *v.* Huling, Appellee.

[Cite as Clevenger v. Huling, 4 Ohio App. 2d 45.]

(No. 579—Decided July 7, 1964.)

*Messrs. Rowland, Bridgewater & Gray* and *Mr. Arlo L. Chatfield,* for appellant.

*Mr. Roger J. Jones,* for appellee.

COLLIER, P. J.  Harlan Clevenger, the plaintiff-appellant, herein referred to as the plaintiff, brought this action against Jared Huling, the defendant-appellee, herein designated the defendant, in the Common Pleas Court of Athens County to recover damages for personal injuries alleged to have been sustained in a collision between an automobile owned and driven by the defendant and a motorcycle operated by the plaintiff, on September 24, 1961, about 7:15 p. m. on U. S. Route 50, approximately five miles east of Athens, Ohio.

The plaintiff, in his petition, alleges four specific acts or omissions of negligence against the defendant as the proximate cause of plaintiff's injuries as follows: Excessive speed, driving his automobile left of the centerline, a violation of the assured-clear-distance-ahead statute, and attempting to pass the automobile ahead of him, in violation of Section 4511.29, Revised Code.  The defendant, in his answer, denies these allegations of negligence and alleges that at the time and place the plaintiff was guilty of negligence which proximately contributed to the collision and plaintiff's injuries, in that he was operating his motorcycle without lights in violation of Section 4513.03, Revised Code.

On trial, the jury returned a verdict for the plaintiff in the sum of $20,000 and also answered interrogatories finding the plaintiff was also guilty of negligence which proximately contributed to his injuries.  Before any judgment had been entered on the verdict, the court rendered judgment for the defendant on the special findings of the jury.  In this appeal on questions of law, the plaintiff now seeks a reversal of that judgment.

We have carefully examined and have fully considered the seven errors assigned but we do not consider it necessary to discuss each assignment separately, especially since the jury returned a verdict for the plaintiff on the issue of defendant's negligence.  A party receiving a favorable verdict by the jury

cannot claim prejudicial error in the trial of the case. *Freeman* v. *New York Central Rd. Co.*, 112 Ohio App. 395.

As to the assignments of error not discussed herein in which the plaintiff claims error in the general charge of the court on contributory negligence, that plaintiff was denied an opportunity to poll the jury, that the court erred in permitting the defendant to amend his answer, and the court's refusal to give certain written instructions before argument, the plaintiff's contentions are either not supported by the record or we find no prejudicial error was committed affecting the substantial rights of the plaintiff.

As we view the record, the important questions presented in this appeal are: (1) Did the court err in overruling plaintiff's motion for a directed verdict in favor of the plaintiff as to liability, leaving only the question of damages for the jury to determine? (2) Did the trial court err in submitting interrogatories to the jury relating to contributory negligence? (3) Did the trial court err in rendering judgment for the defendant on the special findings of the jury?

1. In considering the motion of the plaintiff for a directed verdict, the court must assume, for the purpose of the motion, the admission of all the facts which the evidence tends to prove, and the evidence must be construed strongly in favor of the party against whom the motion has been made. If the evidence is in conflict or, if it becomes necessary to weigh the evidence and determine from conflicting evidence of the same or different witnesses wherein the truth probably lies, the motion must be overruled. 52 Ohio Jurisprudence 2d 622, Section 122; *Haarmeyer* v. *Roth*, 113 Ohio App. 74.

The plaintiff was operating his motorcycle in a westerly direction, and the defendant was driving his automobile in an easterly direction behind another automobile. When the defendant attempted to pass the automobile ahead of him, plaintiff's motorcycle and defendant's automobile collided in the westbound lane of traffic, the left rear fender of defendant's automobile striking the left crash bar of plaintiff's motorcycle resulting in serious injuries to the plaintiff. The plaintiff, the defendant and Delores Beal, the driver of the automobile which the defendant was attempting to pass, were the only witnesses to the accident. The positive testimony of the defendant and

Mrs. Beal is that the plaintiff, prior to and at the time of the collision, was operating his motorcycle in the darkness without lights. Mrs. Beal testified as follows:

"Q. Did you observe this motorcycle at any time prior to the time of the collision? A. Just when he was starting to pass, then in both our headlights I could see the motorcycle coming then.

"Q. What did you see? A. There was no lights on the motorcycle, that was the first thing I seen."

The plaintiff testified that the lights on the motorcycle were lighted, and thus there was a conflict in the evidence on this issue of fact.

The plaintiff strongly contends that, if the plaintiff was operating his motorcycle without lights, such negligence could not have contributed to the collision and plaintiff's injuries for the reason the lights on the two automobiles furnished sufficient light for the defendant to see the plaintiff approaching. The cases cited to support this contention are easily distinguished on the facts. In all those cases the accident occurred in a lighted area of a city street and not on a dark, two-lane highway. The witness, Beal, says, "The motorcycle came out of nowhere." The conflicting evidence on the issues of negligence, contributory negligence and proximate cause clearly presented issuable facts for the jury to determine, and the trial court correctly overruled plaintiff's motion for a directed verdict in his favor. This rule, as pronounced in *White* v. *Ohio Power Co.*, 171 Ohio St. 148, is also good authority for the trial court's ruling on plaintiff's motion for a directed verdict:

"1. Where in an action arising from a motor vehicle collision there is evidence of negligence on the part of the defendant and of contributory negligence on the part of the plaintiff, which contributory negligence may have continued to the moment of impact, a jury question exists as to whether such negligence of the plaintiff proximately contributed to the collision."

2. At the close of the general charge, upon request of the defendant, these six interrogatories were submitted to the jury and answered as follows:

"1. Do you find from the evidence and a preponderence thereof that the defendant was negligent? A. Yes.

"2. If the answer to number one is yes, then of what did

such negligence consist? A. Without assured clear distance ahead.

"3. Do you find from the evidence and a preponderance thereof that the defendant's negligence was the proximate cause of plaintiff's injury? A. Yes.

"4. Do you find from the evidence and a preponderance thereof that the plaintiff was negligent? A. Yes.

"5. If the answer to number four is yes, then of what did plaintiff's negligence consist? A. From evidence by operating an unlighted motorcycle.

"6. Do you find that plaintiff's negligence proximately contributed to his injuries? A. Yes."

Defendant contends that these interrogatories were improperly submitted for the reason that the jury, in its answers to interrogatory No. 2, found the defendant had violated the assured-clear-distance statute, thereby rendering ineffective the jury's finding that the plaintiff was guilty of contributory negligence in operating his motorcycle without lights; that such finding against the defendant charged the defendant as a matter of law with having seen the plaintiff and having placed the motorcycle within defendant's assured clear distance ahead. We find no merit in this argument. In the first place, the assured-clear-distance provision of Section 4511.21, Revised Code, has no application to a collision between two motor vehicles approaching from opposite directions, as in the instant case. In *McFadden, Admx.*, v. *Elmer C. Breuer Transp. Co.*, 156 Ohio St. 430, the first paragraph of the syllabus reads:

"The question of whether the operator of a motor vehicle was negligent in failing to comply with the 'assured-clear-distance-ahead' rule contained in Section 6307-21, General Code, is not presented to the trier of the facts where there is no substantial evidence (1) that the object with which such operator collided was located ahead of him in his lane of travel. and (2) that such object was reasonably discernible, and (3) that the object was (a) static or stationary, or (b) *moving ahead of him in the same direction as such operator*, or (c) came into his lane of travel within the assured clear distance ahead at a point sufficiently distant ahead of him to have made it possible, in the exercise of ordinary care, to bring his vehicle to a stop and avoid a collision." (Emphasis added.)

See, also, *Erdman* v. *Mestrovich*, 155 Ohio St. 85, paragraph one of the syllabus.

Plaintiff claims that the application of the assured-clear-distance-ahead rule to vehicles approaching from opposite directions is supported by the case of *Carpenter* v. *McCourt Construction Co.*, 106 Ohio App. 67. In that case the collision was between a motorcycle and a heavy road grader being used in road repair and construction work. The evidence was conflicting as to whether the grader was moving, but, if so, very slowly. The facts in that case and the present case are so different that the conclusion reached in the *Carpenter case* is of no assistance in resolving the question in the case at bar. We feel bound by the plain pronouncement in the *McFadden case* that the object with which the operator collides must be either static, stationary or moving *"ahead of him in the same direction as such operator."*

As to the propriety of submitting the interrogatories to the jury under Section 2315.16, Revised Code, and the form of the interrogatories, we adhere to the conclusion reached by this court in *Elliott* v. *Bateman*, 108 Ohio App. 182, that such interrogatories are proper in a negligence action; and the rule pronounced in *Bradley* v. *Mansfield Rapid Transit, Inc.*, 154 Ohio St. 154, has not been changed by the subsequent amendment of this statute. This rule is:

"In a negligence action to recover damages for injury to person or property, an interrogatory is proper which requires a finding as to the negligence of one of the parties, if *coupled* with a further interrogatory to the effect that if the answer to such first interrogatory is 'yes,' the jury should state of what such negligence consisted."

For the position of this court on this identical question, reference is made to the *Elliott case*. We are also of the opinion that the case of *Miller* v. *McAllister*, 169 Ohio St. 487, supports our position.

3. The plaintiff claims the court erred in entering judgment for the defendant on the special findings of the jury. The record shows that the general verdict with answers to the interrogatories was returned on May 21, 1963; that on May 22, 1963, plaintiff filed a motion to strike the interrogatories and for judgment in the sum of $20,000 on the verdict; that on May

24, 1963, defendant filed a motion for judgment notwithstanding the verdict by reason of the answers to interrogatories Nos. 4, 5 and 6; and that on June 11, 1963, plaintiff's motion was overruled, and the court, concluding that the special findings of the jury were inconsistent and irreconcilable with the general verdict, rendered judgment for the defendant.

Plaintiff contends that under Section 2323.181, Revised Code, a motion for judgment notwithstanding the verdict, filed before judgment is entered on the verdict, has no legal effect. The cases of *Housh* v. *Peth*, 99 Ohio App. 485, and *Nationwide Mut. Ins. Co.* v. *Ballard*, 89 Ohio Law Abs. 168, so interpret this statute. The motion of each party in the present case was filed prematurely, but, as we view the record, neither motion was necessary for the court to render proper judgment. Section 2315.17, Revised Code, provides: "When a special finding under Section 2315.16 of the Revised Code is inconsistent with the verdict, the former shall control the latter, and the court may give judgment accordingly." The interrogatories and the answers thereto in the instant case required the court to, "give judgment accordingly," regardless of whether a motion was properly filed by either party. The court entered the only proper judgment that could have been rendered under the circumstances. The judgment must be, and hereby is, affirmed.

*Judgment Affirmed.*

BROWN, J., concurs.
CARLISLE, J., dissents.