HELLMAN, Appellant and Cross–Appellee,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee; Travelers
Insurance Company, Appellee and Cross-Appellant; Maenle et al.,
Appellees and Cross-Appellees.

[Cite as *Hellman v. Motorists Mut. Ins. Co.*, 153 Ohio App.3d 405, 2003-Ohio-2671.]

Court of Appeals of Ohio,
Third District, Putnam County.

No. 12–02–14.

Decided May 23, 2003.

Holly L. McCluskey, for appellant and cross-appellee, Gregory Hellman.

David A. Cheney, for appellee, Motorists Mutual Insurance Company.

Mark J. Metusalem, for appellee and cross-appellee, National Mutual Insurance Company.

Glenn E. Wasielewski, for John Maenle.

D. Patrick Kasson, for appellee and cross-appellee, Pepsi Cola General Bottlers of Ohio, Inc. and CNA Insurance Company.

Shawn W. Maestle, for appellee and cross-appellant, Travelers Indemnity Company of Illinois.

Thomas F. Bryant, Presiding Judge.

{¶ 1} This appeal is brought by Gregory Hellman and Travelers Insurance Company from the October 7, 2002 judgments of the Court of Common Pleas, Putnam County, granting summary judgment to Travelers Insurance Company and CNA Insurance Company. For the reasons set forth in the opinion below, we affirm the trial court's order.

{¶ 2} The facts pertinent to the issues before the court are as follows. plaintiff-appellant Gregory Hellman was injured in an automobile accident in Putnam County, Ohio, on January 8, 2000. At the time of his injuries, Hellman was a passenger in a vehicle driven by defendant John D. Maenle, whose negligence was later determined to be the cause of the accident. On March 5, 2001, Hellman filed a complaint in the Putnam County Court of Common Pleas, seeking damages from John D. Maenle. Additionally, Hellman sought declaratory judgment regarding the availability of uninsured/underinsured motorist ("UM/UIM") coverage through his personal automobile policy issued by Nationwide Insurance Company and through a personal automobile policy issued to his father, Glenn Hellman, by Motorists Mutual Insurance Company.

{¶ 3} On March 27, 2002, Hellman filed an amended complaint adding two petitions for declaratory judgment regarding UM/UIM coverage under several insurance policies issued to his father's employer by appellee Travelers Indemnity Company of Illinois and to his own employer by appellee CNA Insurance Company. On May 13, 2002, Hellman filed a motion for summary judgment as to each of the four insurance company defendants. Motorists, in opposition, admitted that Hellman was an insured under his father's personal auto policy but argued that he was entitled to only $25,000 of coverage, rather than the $50,000 he sought. On May 15, 2002, Travelers and CNA each filed separate motions for summary judgment opposing coverage for Hellman's injuries. Travelers argued that New York law applied to their policies and, in the alternative, Hellman was not an insured under the policies through which he sought coverage. CNA argued that Pepsi, their insured, was self-insured in the practical sense and therefore not subject to the Ohio UM/UIM statute.

{¶ 4} On October 7, 2002, in separate journal entries, the trial court granted Travelers and CNA summary judgment, thereby denying the same to Hellman. Additionally, also by separate journal entry, the trial court granted Hellman summary judgment as to his claims against Motorists, finding UM/UIM coverage in the amount of $50,000. It is from these orders that Hellman and Travelers now appeal. As recognized by the trial court's order of November 5, 2002, Maenle and Nationwide settled all claims with Hellman and are not now parties to this appeal.

{¶ 5} Plaintiff–Appellant Gregory Hellman raises the following assignments of error:

"I. The trial court erred as a matter of law, by concluding that plaintiff-appellant was not entitled to uninsured motorist coverage pursuant to the commercial auto policy, commercial general liability policy and umbrella policy issued by defendant-appellee Travelers to plaintiff-appellant's father's employer.

"II. The trial court erred as a matter of law, by concluding that plaintiff-appellant was not entitled to uninsured motorist coverage pursuant to the commercial auto policy and commercial general liability policy issued by defendant-appellee CNA to plaintiff-appellant's employer."

{¶ 6} Defendant/cross-appellant Travelers Indemnity Company of Illinois raises the following assignment of error:

"The trial court erred in determining that Ohio law applied to Phillip's Electronics' insurance contract with Travelers negotiated and issued in the State of New York."

## I.  Summary Judgment Standard

{¶ 7} In considering an appeal from the grant or denial of summary judgment, we review the motion independently and do not give deference to the trial court's determination.  *Schuch v. Rogers* (1996), 113 Ohio App.3d 718, 720, 681 N.E.2d 1388.  Accordingly, we apply the same standard for summary judgment as did the trial court.  *J.A. Industries, Inc. v. All Am. Plastics, Inc.* (1999), 133 Ohio App.3d 76, 726 N.E.2d 1066.  Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party.  Civ.R. 56(C); *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 686–687, 653 N.E.2d 1196.  To make this showing, the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims.  *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

## II.  First Assignment of Error:  Travelers

{¶ 8} At the time of his accident, appellant Gregory Hellman resided with his father, an employee of Phillips Display Components, Inc. in Ottawa, Ohio, a division of Phillips Electronics North America Corporation ("Phillips").  At all times pertinent, Phillips maintained insurance coverage through two policies

issued by Travelers: a Commercial General Liability Policy (TC2J–GSLA–232TB468–TIL–99) and a Commercial Auto Policy (TC2J–CAP–232T8481–TIL–99).[1]  In his first assignment of error, Hellman argues that the trial court erred in granting Travelers summary judgment by concluding that, as a matter of law, Hellman was not an insured under either policy.

### A.   Commercial General Liability Policy

{¶ 9} Hellman argues that he is entitled to UM/UIM coverage under the Travelers Commercial General Liability Policy ("CGL") policy as it is an "automobile liability or motor vehicle liability policy of insurance" as defined by R.C. 3937.18(L) and therefore subject to the requirements of R.C. 3937.18(A).  Hellman further argues that since Travelers failed to make a proper proffer of UM/UIM coverage, the same arises by operation of law.  Finally, Hellman insists that as a resident relative of a Phillips employee, he is an insured under the CGL, and therefore entitled to UM/UIM coverage.  We do not find Hellman's argument well taken.

{¶ 10} According to the version of R.C. 3937.18 relevant to the current dispute, an insurance company is required to offer UM/UIM coverage with every automobile liability or motor vehicle liability policy delivered or issued in the state of Ohio. R.C. 3937.18(A).  Failure to do so results in the insured acquiring UM/UIM coverage by operation of law.  *Abate v. Pioneer Mut. Cas. Co.* (1970), 22 Ohio St.2d 161, 51 O.O.2d 229, 258 N.E.2d 429.  An "automobile liability or motor vehicle liability policy of insurance" means any policy of insurance that serves as proof of financial responsibility for owners or operators of the motor vehicles specifically identified in the policy and any umbrella liability policy of insurance written as excess over one or more of the policies serving as proof of financial liability.  R.C. 3937.18(L).  While an insured may reject coverage pursuant to R.C. 3937.18(C), rejection is invalid absent a written offer of UM/UIM coverage. *Gyori v. Johnston Coca–Cola Bottling Group, Inc.* (1996), 76 Ohio St.3d 565, 669 N.E.2d 824.

{¶ 11} In support of his argument that the Travelers CGL is a motor vehicle liability policy of insurance, Hellman cites *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, in which the Ohio Supreme Court found that UM/UIM coverage arose by operation of law under an umbrella/excess

---

1.   Hellman's motion for summary judgment as well as his appellate brief refer to a third policy, an "umbrella" policy.  Hellman does not set forth a policy number or title, nor does he make specific arguments regarding coverage under this "umbrella" policy.  We find no evidence of an "umbrella" policy in the record, and the trial court did not rule on an umbrella policy when it granted Travelers summary judgment.  Accordingly, we will disregard any references to this purported policy.

policy issued by Liberty Mutual Insurance Company to Superior Dairy, Inc. We do not find *Scott–Pontzer* to be determinative in the current matter. In *Scott–Pontzer*, the parties agreed that the Liberty Mutual policy provided umbrella coverage to a motor vehicle liability policy of insurance; therefore, the applicability of R.C. 3937.18 was not in dispute. Rather, in *Scott–Pontzer*, the parties disputed the identity of Christopher Pontzer as an insured. Here, Travelers opposes the classification of its GCL policy as a motor vehicle liability policy of insurance since the policy expressly excludes coverage for automobiles.

{¶ 12} Next, Hellman argues that *Selander v. Erie Ins. Group* (1999), 85 Ohio St.3d 541, 709 N.E.2d 1161, supports his position that the Travelers CGL qualifies as a motor vehicle liability policy of insurance. In *Selander*, the Ohio Supreme Court held that a "General Business Liability Policy (excluding automobile)" was subject to the requirements of R.C. 3937.18 because it included an "Extension of Coverage" section that provided liability coverage for accidents involving hired or non-owned automobiles, even though the policy did not comply with financial responsibility requirements. Id. at 543–544, 709 N.E.2d 1161. While we agree with Hellman's characterization of the *Selander* holding, we do not see its relevance here, as there has been no showing that the Travelers CGL policy provides coverage for automobiles, even on a limited basis.

{¶ 13} Travelers, on the other hand, contends that *Selander* is distinguishable from the facts at bar since, unlike the commercial policy in that case, its CGL policy does not contain an "extension of coverage" form that provides coverage for non-owned or hired vehicles. Indeed, in Section I(2)(g), the policy expressly excludes coverage for all motor vehicles. In *Davidson v. Motorists Mut. Ins. Co.* (2001), 91 Ohio St.3d 262, 744 N.E.2d 713, the Ohio Supreme Court explained that the finding in *Selander* was based on a general business liability policy that specifically provided liability coverage for injuries arising out of the use of automobiles, through the "extension of coverage" form. Id. at 267, 744 N.E.2d 713. Here, Hellman does not allege that the Travelers CGL provides umbrella or excess coverage over an automobile liability policy. Furthermore, appellant does not set forth a provision in the Travelers CGL policy that would provide liability coverage for injuries arising out of the use of automobiles. Thus, the Travelers CGL policy has not been shown to be a motor vehicle policy of insurance and, therefore, R.C. 3937.18 is not applicable.

### B. Commercial Auto Policy

{¶ 14} Next, Hellman argues that he is entitled to UM/UIM coverage through the Travelers Business Auto Policy issued to Phillips, which, due to absence of a valid offer and/or rejection, arises by operation of law. Once again, Hellman

bases his right to coverage upon his identity as a resident relative of his father, an insured under the policy. For the following reasons, we disagree.

{¶ 15} In support of his right to coverage, Hellman again cites *Scott–Pontzer*, supra, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. In the portion of *Scott–Pontzer* relevant to Hellman's argument, the Ohio Supreme Court examined an express UM/UIM provision within a business auto policy, which defined an insured as "you," "[i]f you are an individual, any family member," "[a]nyone else occupying a covered auto," and "[a]nyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." The *Scott–Pontzer* court found the language to be ambiguous, since the "you" referred to a corporation, which itself cannot sustain bodily injury, and thereafter construed the definition liberally in favor of including the corporation's employees. In *Ezawa*, the Supreme Court found that and employee's son was entitled to UM/UIM coverage where an insurance policy defined an insured in the same manner as the Liberty Fire policy in *Scott–Pontzer*. We do not find either case germane to Hellman's argument.

{¶ 16} This court, along with several other Ohio courts, has rejected the argument that *Ezawa* stands for the proposition that when a corporation is referred to as "you," "family members" of the corporation's employees are per se included in the word "you." Rather, *Ezawa* has been followed to grant insured status to family members only when family members are included in the ambiguous definition of an insured. See *Rall v. Johnson*, Wyandot App. No. 16–02–13, 2003-Ohio-1373, 2003 WL 1390073, ¶ 14–15; *Szekeres v. State Farm Fire & Cas.*, Licking App. No. 02CA00004, 2002-Ohio-5989, 2002 WL 31439821, ¶ 68; *Edmondson v. Premier Indus. Corp.*, Cuyahoga App. No. 81132, 2002-Ohio-5573, 2002 WL 31320334, ¶ 27. Here, the Travelers Auto policy does not define an insured as a resident relative or family member of the insureds. Therefore, even if we were to find, by express provision or liberal construction, that Hellman's father is an insured under the Travelers Auto policy, Hellman cannot demonstrate that he himself is an insured.

{¶ 17} Accordingly, we find no issue of material fact regarding appellant's failure to establish UM/UIM coverage under the Travelers CGL and Auto policies. Hellman's first assignment of error is overruled.

### III. Second Assignment of Error: CNA

{¶ 18} At the time of his accident, Hellman was employed by Pepsi Company in Lima, Ohio. At all times pertinent, Pepsi maintained two policies of insurance issued by appellee CNA: a Business Auto Policy (No 1–89153971) and a General Liability Policy (No. 1–89153954). In his complaint for declaratory judgment, Hellman alleged UM/UIM coverage under both policies, each of which

included a $1 million per occurrence liability limit and a $1 million per occurrence deductible. CNA successfully moved for summary judgment on grounds that based on the matching deductible and liability limit, Pepsi was "self-insured in the practical sense" and therefore not subject to the requirements of R.C. 3937.18. Hellman argues, on appeal, that the trial court erred when it granted CNA summary judgment, since CNA did not meet the requirements of a self-insured under R.C. 4509.45(D). For the following reasons, we do not find Hellman's argument well taken.

{¶ 19} In *Grange Mut. Cas. Co. v. Refiners Transport & Terminal Corp.* (1986), 21 Ohio St.3d 47, 21 OBR 331, 487 N.E.2d 310, the Ohio Supreme Court held that the uninsured motorist provisions of R.C. 3937.18 do not apply either to self-insurers or financial responsibility bond principals. Id. at syllabus. Relying on *Grange,* CNA insists that Pepsi is self-insured and therefore was not required to comply with R.C. 3937.18. Hellman, in response, argues that the *Grange* holding is applicable only to employers who meet the R.C. 4509.45(D) definition of self-insured *or* are financial responsibility bond principals. We do not interpret the *Grange* holding to state any such thing.

{¶ 20} Hellman's argument seemingly relies on language in *Grange* wherein the court was attempting to decide whether the employer, Refiners, was self-insured or a bond holder. The claimant in that case argued that since Refiners had not satisfied the requirements in R.C. 4509.45(D) for certification of self-insured status, it could not escape the requirements of R.C. 3937.18. Ultimately, the Supreme Court rejected this argument, and stated:

"Refiners sought to meet its financial responsibility requirements and to protect itself from claims, in part by purchasing a financial responsibility surety bond and in part by purchasing two excess insurance policies for larger claims. As such, it was not a 'self-insurer' in the legal sense contemplated by R.C. 4509.45(D) and 4509.72, but rather in the practical sense in that Refiners was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim." Id. at 49, 21 OBR 331, 487 N.E.2d 310.

{¶ 21} Thereafter, the court stated that regardless of whether Refiners was self-insured or a bond holder, R.C. 3937.18 would not apply, since requiring an employer to offer insurance to itself would "result in the absurd 'situation where one has the right to reject an offer of insurance to one's self * * *.'" Id. at 49, 21 OBR 331, 487 N.E.2d 310.

{¶ 22} In *Straubhaar v. Cigna Prop. & Cas. Co.,* Cuyahoga App. No. 81115, 2002-Ohio-4791, 2002 WL 31040683, the Eight District Court of Appeals, relying on *Grange,* supra, held that an employer who purchased a liability policy with a deductible equal to its liability was "self-insured in the practical sense." The

*Straubhaar* court reasoned that a policy with a matching liability limit and deductible obviated the need for obtaining a certificate of self-insurance under R.C. 4509.45 and 4509.72. Id. at ¶ 3. Like the *Straubhaar* court, we see no difference between maintaining a financial responsibility bond, as did the employer in *Grange,* and maintaining a policy with a matching liability limit and deductible. Either way, the employer is self-insured in the practical sense and it would be absurd to require the employer to offer UM/UIM coverage to itself. See, e.g., *Lafferty v. Reliance Ins. Co.* (S.D.Ohio 2000), 109 F.Supp.2d 837; *McCollum v. Continental Ins. Co.* (Apr. 9, 1993), Lucas App. No. L–92–141, 1993 WL 382455; *Rupple v. Moore,* Ashland App. No. 02–COA–003, 2002-Ohio-4873, 2002 WL 31079768, ¶ 23–24; *Musser v. Musser,* Adams App. No. 02CA750, 2003-Ohio-1440, 2003 WL 1463141, ¶ 16; *Cincinnati Ins. Co. v. Torok,* 152 Ohio App.3d 398, 2003-Ohio-1764, 787 N.E.2d 1257, ¶ 19 (Holding that an employer was self-insured "in the practical sense" where there was a "Reimbursement Indemnification and Security Agreement" executed between the employer and insurance provider).

{¶ 23} Accordingly, we find that Pepsi, as the holder of two policies with matching deductible and liability limits, is self-insured in the practical sense and therefore not required to meet the statutory requirements of R.C. 3937.18. Hellman's claims for UM/UIM coverage under the CNA General Liability and Business Auto policies issued to Pepsi fail as a matter of law. Appellant's second assignment of error is overruled.

### *IV. Travelers' Cross–Appeal*

{¶ 24} We decline to address Travelers cross-appeal, as a cross-appeal is not the proper format to defend a grant of summary judgment. A party to a civil lawsuit has no standing to cross-appeal a final judgment in its favor. *Seringetti Constr. Co. v. Cincinnati* (1988), 51 Ohio App.3d 1, 553 N.E.2d 1371. Travelers would have been better served by filing a cross-assignment of error in order to prevent reversal of the summary judgment in its favor. R.C. 2505.22. However, even if Travelers had filed a proper cross-assignment of error, we would not reach its merits, since cross-assignments of error may be considered only when necessary to prevent reversal. *Duracote Corp. v. Goodyear Tire & Rubber Co.* (1983), 2 Ohio St.3d 160, 163–64, 2 OBR 704, 443 N.E.2d 184. Here, the grant of summary judgment to Travelers does not face reversal. Travelers's cross-appeal is, therefore, dismissed.

{¶ 25} For the reasons stated, it is the order of this court that the order of the Court of Common Pleas, Putnam County, granting summary judgment in favor of

defendants Travelers and CNA, and against defendant Motorists, be hereby affirmed.

Judgment affirmed.

SHAW and CUPP, JJ., concur.