OPINION
{¶ 1} This appeal arises from the judgment of the Allen County Common Pleas Court, granting summary judgment to defendant Motorist Assurance Companies. The plaintiff files this appeal.
 {¶ 2} On September 12, 200, plaintiff-appellant, Randy J. Lutterbein ("appellant"), was injured as a result of an accident which occurred when the defendant-appellee, Bradley Gonzales, drove his motor vehicle into the path of appellant's Harley Davidson motorcycle. On the date of the accident, appellant was employed by Wrightway Food Service, Inc. ("Wrightway"). Motorist Assurance Companies ("Motorist") provided automobile liability insurance to Wrightway. Appellant brought suit against Motorist seeking uninsured/underinsured motorist ("UM/UIM") coverage under the policies issued to Wrightway. Appellant maintains that the amount of insurance proceeds available to him from other sources, namely the tortfeasor, Gonzales, is inadequate to compensate him for the damages sustained as a result of the accident.
 {¶ 3} Appellant concedes that he was not acting within the scope of his employment with Wrightway at the time of the accident and that the motorcycle he was operating was his own personal vehicle. Appellant, however, asserts that he is afforded UM/UIM coverage under the business auto and commercial umbrella liability portions of the insurance policy issued to Wrightway by Motorist (Policy No. 33 180615-60E).
 {¶ 4} Motorist moved for summary judgment on the grounds that appellant was not an insured under the policy and was not occupying a covered vehicle under the terms of the policy issued to Wrightway. The trial court found, as a matter of law, that appellant was an insured under the Motorist Assurance automobile liability policy issued to Wrightway. But it also found that appellant's motorcycle was not a covered vehicle under said policy, and therefore, appellant was not entitled to UM/UIM coverage under either the employer's automobile liability policy or its commercial umbrella policy. It is this decision which appellant appeals.
 {¶ 5} For the reasons set forth herein, the trial court's judgment to grant summary judgment to Motorist is affirmed. The basis of our decision, however, differs from that of the trial court. We conform our analysis to the reasoning set forth in Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, which was recently released by the Supreme Court of Ohio subsequent to the trial court's judgment in this matter.
Plaintiff-appellant raises the following assignment of error for our review:
The trial court erred in granting the motion for summary judgment filedby the defendant Motorist Assurance Companies finding thatuninsured/underinsured coverage is not available to plaintiff under theterms of Motorist Assurance Companies Policy No. 33 180615-60E.
 {¶ 6} Defendant/cross-appellant, Motorist, has also appealed the judgment of the trial court and raises the following assignment of error:
The trial court erred in determining that Randy J. Lutterbein was aninsured under the subject policy when there is no ambiguity associatedwith the definition of the word" you" as the subject policy insuresindividuals.
 I. Summary Judgment Standard {¶ 7} Our analysis of an appeal from summary judgment is conducted under a de novo standard of review. Ledyard v. Auto-Owners Mut. Ins. Co.
(2000), 137 Ohio App.3d 501, 505. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. of Edn.
(1997), 122 Ohio App.3d 378, 383; citing Dupler v. Mansfield Journal Co.
(1980), 64 Ohio St.2d 116, 119-120. Therefore, this Court considers the motion independently and without deference to the trial court's findings. J.A. Industries, Inc. v. All American Plastics, Inc. (1999),133 Ohio App.3d 76, 82.
 {¶ 8} It is well-established under Ohio law that a court may not grant a motion for summary judgment unless the record demonstrates: (1) that no genuine issue of material fact remains to be litigated; (2) that the moving party is entitled to judgment as a matter of law; and (3) that, after construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687. The movant bears the initial burden to inform the trial court of the basis for the motion, identifying portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107. Once the movant has satisfied this burden, the nonmovant must set forth specific facts demonstrating that a genuine issue of fact indeed exists for trial. Id.
 II. Plaintiff-Appellant's Assignment of Error {¶ 9} The outcome of this case depends upon the interpretation of the terms of the insurance contract at issue. It is well settled that an insurance policy is a contract and the relationship between the insured and the insurer is contractual in nature. Nationwide Mut. Ins. Co. v.Marsh (1984), 15 Ohio St.3d 107, 109. It is also well settled that "[c]ontracts are to be interpreted so as to carry out the intent of the parties, as the intent is evidenced by contractual language." Skivolockiv. E. Ohio Gas Co. (1974), 38 Ohio St.2d 244. Insurance coverage is determined by reasonably construing the contract "in conformity with the intention of the parties as gathered from the ordinary and commonly understood meaning of the language employed." King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208, 211; Dealers Dairy Products Co. v. RoyalIns. Co. (1960), 170 Ohio St. 336 paragraph one of the syllabus. "[W]here provisions of a contract of insurance are reasonably susceptible of more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured." King, 35 Ohio St.3d 208, syllabus. However, "where the provisions of an insurance policy are clear and unambiguous, courts may not indulge themselves in enlarging the contract by implication in order to embrace an object distinct from that contemplated by the parties[.]" Gomolka v. State Auto Mut. Ins. Co.
(1982), 70 Ohio St.2d 166,168, parallel citations omitted.
 A. Business Automobile Liability Policy {¶ 10} Appellant alleges that the trial court erred in granting summary judgment to Motorist and claims that, pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292, he is entitled to UM/UIM coverage under the Motorist business auto liability policy.
 {¶ 11} Pursuant to the Supreme Court of Ohio's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, however, the Scott-Pontzer holding and rationale has been limited "by restricting the application of [UM/UIM] coverage issued to a corporation to employees only while they are acting within the course and scope of their employment unless otherwise specifically agreed." Galatis, supra at ¶ 2.
 {¶ 12} In Galatis, the Court stated:
[t]he general intent of a motor vehicle insurance policy issued to acorporation is to insure the corporation as a legal entity againstliability arising from the use of motor vehicles.[1] It is settled lawin Ohio that a motor vehicle operated by an employee of a corporation inthe course and scope of employment is operated by and for the corporationand that an employee, under such circumstances, might reasonably beentitled to uninsured motorist coverage under a motor vehicle insurancepolicy issued to his employer.[2] However, an employee's activitiesoutside the scope of employment are not of any direct consequence to theemployer as a legal entity. An employer does not risk legal or financialliability from an employee's operation of a non-business-owned motorvehicle outside the scope of employment. Consequently, uninsured motoristcoverage for an employee outside the scope of employment is extraneous tothe general intent of a commercial auto policy.
Id at ¶ 20.
 {¶ 13} Accordingly, the Court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for [UM/UIM] coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at ¶ 62.
 {¶ 14} Like Scott-Pontzer, where the only named insured was a corporation, the Motorist business auto policy lists "Wrightway Food Services, Inc." as the "named insured."[3] The Motorist business auto policy contains an Ohio UM/UIM Coverage Form, as mandated by R.C. 3937.18, which further defines an "insured" for purposes of UM/UIM coverage as follows:
Who Is An Insured
 1. You.
 2. If you are an individual, any "family member."
 3. Your employees while occupying a covered "auto" or a temporarysubstitute for a covered "auto." The covered "auto" must be out ofservice because of its breakdown, repair, servicing, loss ordestruction.
* * *
 {¶ 15} It is undisputed that the motorcycle appellant was occupying at the time of the accident was not owned by Wrightway. It is further undisputed that appellant was not acting within the scope of his duties nor acting in any way related to his employment with Wrightway Food Services, Inc. when the accident occurred. Furthermore, the business auto policy at hand does not otherwise provide for UM/UIM coverage for employees while acting outside the course and scope of employment. We, therefore, hold that, pursuant to Galatis, appellant is not an insured for purposes of UM/UIM coverage under the business auto policy issued to Wrightway by Motorist.
 B. Commercial Umbrella Policy {¶ 16} We must also examine whether appellant is entitled to UM/UIM coverage under the Motorist commercial umbrella policy issued to Wrightway. In Scott-Pontzer, supra, the Ohio Supreme Court reaffirmed its prior holding that "excess liability insurance must comport with R.C.3937.18 and thus uninsured (and underinsured) motorist coverage must be tendered." Scott-Pontzer, 85 Ohio St.3d at 665; citing Duriak v. GlobeAm. Cas. Co. (1986), 28 Ohio St.3d 70, 72. The failure by the insurer to offer such coverage results in the provision of coverage by operation of law. Id., citing Gyori v. Johnston Coca-Cola Bottling Group (1996),76 Ohio St.3d 565, 568. The appellant herein asserts that because Motorist did not properly offer and/or reject UM/UIM coverage in its commercial umbrella policy, UM/UIM arises by operation of law and that he is therefore entitled to UM/UIM coverage under said policy.
 {¶ 17} However, despite appellant's assertion, R.C. 3937.18
requires only that UM/UIM coverage be "offered to persons insured under the [liability] policy" of insurance. Emphasis added, Rall v. Johnson,
Wyandot App. No. 16-02-13, 2003-Ohio-1373; citing Bianchi v. Moore (May 11, 2001), Erie App. No. OT-00-007, appeal not allowed by (2001),93 Ohio St.3d 1417. Accordingly, "where a party neither expressly nor impliedly qualifies as an insured, as defined within an umbrella policy or the underlying policies for which the umbrella policy provides excess coverage, that party is not entitled to be offered, and cannot recover, UM/UIM coverage by operation of law." Rall, 2003-Ohio-1373, at ¶ 12, citing Mazza v. Am. Continental Ins. Co., Summit App. No. 21192, 2003-Ohio-360 at ¶ 82-92; affirmed by In Re Uninsured Underinsured Motorist Coverage Cases, 100 St.3d ___, 2003-Ohio-5888; DeUzhca v. Derham (Apr. 5, 2002), Montgomery App. No. 19106, 2002-Ohio-1814. Having already determined that appellant is not an insured under the underlying business auto policy, if we find that appellant herein is not an insured under the commercial umbrella policy, our inquiry is at an end. Id., quoting Scott-Pontzer,85 Ohio St.3d at 662.
 {¶ 18} The Declarations Page of the commercial umbrella form again lists "Wrightway Food Service Inc." as the named insured. Section III of the umbrella policy provides the definitions of who is an insured under the policy. The first two definitions of an insured in Section III are inapplicable to the case at bar and pertain only to individuals and/or partnerships or joint ventures who are listed as the named insureds. Because the named insured in this case is a corporation, the definition contained in Section III(A)(3) and (B)(1) of the policy is the definition applicable to the case at bar. It provides:
Section III: Who is an Insured
 Each of the following is an insured under this policy to the extent setforth below:
 A. If you are designated in the Declarations as:
* * *
3. Other than an individual, partnership or joint venture, you, yourexecutive officers, directors or stockholders while acting in the scopeof their duties as such.
 B. "Except as with respect to any "auto" owned, hired or used by you oron your behalf:
 1. Any executive officer, employee, director or stockholder whileacting within the scope of his or her duties as such.
 {¶ 19} Although Wrightway is the only named insured listed in the umbrella policy declarations page, the definition of an "insured" in Section III of the policy specifically provides coverage for officers, directors, stockholders and employees of the corporation, not just for the corporation itself. However, the very definition of an "insured" requires not only that such individual be an officer, director, stockholder or employee but that the individual must also be acting within the scope of their duties as such.
 {¶ 20} As previously noted, the motorcycle appellant was occupying at the time of the accident was not owned by Wrightway and appellant was not acting within the course or scope of his employment with Wrightway Food Services, Inc. when the accident occurred. Thus, in accordance with the terms of the umbrella policy, appellant was not an "insured." Because R.C. 3937.18 only requires that UM coverage be offered to persons insured under the liability policy of insurance, and because decedent was not an insured under the umbrella policy, our inquiry is at an end. See, also,Am. Motorists Ins. Co. v. Unger, Defiance App. No. 4-02-30, 2003-Ohio-1889. We hold, therefore, that no UM/UIM coverage is afforded to decedent under the policy by operation of law.
 {¶ 21} Although we arrive at our decision by way of different analysis from that of the trial court, the trial court did not err in granting summary judgment to Motorist. Accordingly, plaintiff-appellant's assignment of error is overruled. The judgment of the trial court granting summary judgment to Motorist is affirmed.
 III. Motorist's Cross-Appeal {¶ 22} We decline to address Motorist's cross-appeal, as a cross-appeal is not the proper format to defend a grant of summary judgment. A party to a civil lawsuit has no standing to cross-appeal a final judgment in its favor. Hellman v. Motorists Mut. Ins. Co.,153 Ohio App.3d 405, 2003-Ohio-2671, at ¶ 24; Seringetti Constr. Co.v. Cincinnati (1988), 51 Ohio App.3d 1. Motorist would have been better served by filing a cross-assignment of error in order to prevent reversal of the summary judgment in its favor. See R.C. 2505.22. Moreover, the substance of Motorist's assignment of error has been addressed in our analysis of the plaintiff-appellant's first assignment of error, above. Motorist's cross-appeal is therefore dismissed.
 {¶ 23} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and SHAW, J., concur.
[1] Citing King v. Nationwide Ins. Co., 35 Ohio St.3d at 211.
[2] Citing Id. at 213. See, also, Selander v. Erie Ins. Group (1999),85 Ohio St.3d 541.
[3] We note that the "named insured" as designated in the declaration and through endorsement also includes "Wrightway Food Services and Restaurant Supply," and "Wrightway Leasing" as "named insureds," however, these two corporate entities are not at issue in this case.