[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] The spelling of appellant's last name is "Fisher" on the trial court's Decision and Journal Entry of June 29, 2007; however, numerous other filings show appellant's last name as "Fister".
 DECISION AND JUDGMENT ENTRY
{¶ 1} This case involves a declaratory judgment action where the parties asked the trial court to decide whether an incentive clause — in which the Tenant would pay a reduced rent if they paid the rent early — constituted an unconscionable and unenforceable penalty. The trial court found that a lease provision was an unenforceable penalty as applied to the Tenants. However, it also concluded that the incentive clause in the leases was not unconscionable or "per se" an unenforceable penalty. The Tenants bring this appeal, asserting that the trial court erred in concluding that the leases were not unconscionable and not "per se" unenforceable. *Page 2 
 {¶ 2} "Although broad in scope, the declaratory judgment statutes are not without limitation. Most significantly, in keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide `an actual controversy, the resolution of which will confer certain rights or status upon the litigants.'" Mid-American Fire and Cas. Co. v.Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, at ¶ 9, quoting Corron v. Corron (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708.
 {¶ 3} Under Ohio law, "`[a]ppeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant.'" Midwest Fireworks Mfg. Co. v.Deerfield Twp. Bd. of Zoning Appeals, 91 Ohio St.3d 174, 177,2001-Ohio-24, 743 N.E.2d 894, quoting Ohio Contract Carriers Assn., Inc.v. Public Utilities Comm. (1942), 140 Ohio St. 160, 42 N.E.2d 758, at the syllabus. See, also, Papadelis v. Fragedakis, Cuyahoga App. No. 86068, 2005-Ohio-6008, at ¶ 9 (holding that a defendant has no standing to appeal a dismissal of the plaintiff's case without prejudice);Hellman v. Motorists Mut. Ins. Co., 153 Ohio App.3d 405, 2003-Ohio-2671,794 N.E.2d 688, at ¶ 24 ("A party to a civil lawsuit has no standing to cross-appeal a final judgment in its favor." (citing Seringetti Constr.Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 553 N.E.2d 1371));Clevenger v. Huling (1964), 4 Ohio App.2d 45, 46, 211 N.E.2d 84 ("A party receiving a favorable verdict by the jury cannot claim prejudicial error in the trial of the case.").
 Thus, in order to have standing to appeal, a person must be "able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced" by the judgment appealed from. Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203, *Page 3 
1205. See, also, Black's Law Dictionary (7 Ed.1999) 1144 (defining "aggrieved party" as one whose "personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment"). A future, contingent, or speculative interest is not sufficient to confer standing to appeal. Ohio Contract Carriers, 140 Ohio St. at 161, 23 O.O. at 369, 42 N.E.2d at 759.
Midwest Fireworks, 91 Ohio St.3d at 177.
 {¶ 4} Here, it does not appear that the Tenants have standing to appeal because they were the prevailing party and they have not shown how the trial court's judgment injures or prejudices them in any way. Based upon their arguments, the Tenants sought a judgment declaring that the Landlord's leases are unconscionable and constitute unenforceable penalty clauses per se. However, the Tenants have won; the trial court decided that the incentive clause was, in these factual circumstances, unenforceable. The only possible injury is that the court did not declare that such an incentive clause was unenforceable in all factual situations. However, the fact that the Tenants may one day attempt to lease a house with such an incentive clause is too speculative an injury to support an appeal. Ultimately, it appears that the real party in interest in this appeal is Ohio University and its student legal aid department (the Tenants' attorneys), which is trying to protect other students from similar incentive clauses.
 {¶ 5} Therefore, we dismiss the appeal for lack of a justiciable controversy.
 APPEAL DISMISSED. *Page 4 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED. Appellants and Appellees shall split the costs.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Kline, J. McFarland, J.: Concur in Judgment and Opinion. *Page 1